### MARIO ROSATO v. BEATRICE ROSATO
### (14678)

O'Connell, Foti and Landau, Js.

Submitted on briefs December 14, 1995—decision released March 5, 1996

---

*James P. Caulfield* filed a brief for the appellant (plaintiff).

*David A. Reif* and *Elizabeth L. McMahon* filed a brief for the appellee (defendant).

O'CONNELL, J. This is a marriage dissolution action in which the plaintiff appeals from a postjudgment order requiring him to pay 55 percent of his pension benefits to the defendant. That order was rendered in response to the defendant's motion for clarification. The plaintiff contends that the "clarification" is an untimely property assignment. We agree and reverse the judgment of the trial court.

The record discloses the following facts. The parties' marriage was dissolved on July 11, 1988. The relevant portion of the judgment provided that "the wife is to retain any benefits in the husband's pension plan which [she] currently has, as his spouse." When the dissolution judgment was rendered, the plaintiff was employed by the United States Postal Service. On December 21, 1994, the defendant filed a motion for clarification of judgment asking the court to "set forth the exact percentage interest of the plaintiff's pension which is due to the defendant." Following a hearing on March 29, 1995, the trial court granted the motion, stating that "the court's intention was to award the defendant 55 percent of the plaintiff's pension benefits."

The original order gave the defendant a survivorship interest in the plaintiff's pension, thereby not entitling her to receive any payments during the plaintiff's lifetime. The effect of the court's clarification was to award the defendant a 55 percent interest in the pension benefits that the plaintiff is currently receiving. The plaintiff argues that this substantial increase in the defendant's

benefits is not a clarification of a prior order but rather constitutes an untimely assignment of a property interest in his pension.

The Superior Court is vested with jurisdiction to assign property at the time it enters a decree dissolving a marriage. General Statutes § 46b-81.[1] Unlike periodic alimony and child support, the court's jurisdiction to assign property is not continuing. "By its terms, [§ 46b-81 (a)] deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes § 46b-81." *Bunche* v. *Bunche*, 180 Conn. 285, 289, 429 A.2d 874 (1980).

The language of the 1988 judgment is clear and unambiguous. The judgment did not assign a percentage, a fixed amount, or a fraction of the plaintiff's pension to the defendant. It simply allowed the defendant to retain the survivorship benefits in the plaintiff's pension that she acquired as a spouse. By changing the award from a survivorship interest to a fixed percentage of the plaintiff's current pension, the trial court assigned property from one party to another. Such an assignment may be done only at the time the dissolution degree is rendered. *Croke* v. *Croke*, 4 Conn. App. 663, 664–65, 496 A.2d 235 (1985).

The trial court indicated that because it had intended to render a fixed percentage in 1988, the new order was a clarification, and not a modification, of its original order. A modification is " '[a] change; an alteration or

---

[1] General Statutes § 46b-81 (a) provides: "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect."

amendment which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter intact.' " *Jaser* v. *Jaser*, 37 Conn. App. 194, 202, 655 A.2d 790 (1995), quoting Black's Law Dictionary (6th Ed. 1990). When determining whether the new order was a modification or a clarification, we examine the practical effect of the ruling on the original order. *Jaser* v. *Jaser*, supra, 202. The practical effect of the new order in this case was to alter the original property assignment from a survivorship interest to a present interest of 55 percent in the plaintiff's pension.

Despite the trial court's intention to enter a fixed percentage at the time of the original order, that intention does not now give it jurisdiction to render a new order more than six years after the original order. We agree with the plaintiff that this was not a clarification, but an assignment of property interest at a time when the court had no jurisdiction to do so.

The order issued on the defendant's motion for clarification is reversed.

In this opinion the other judges concurred.