[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE 
On October 16, 1998, the plaintiff, Deirdre Doran, filed a complaint against the defendant, Douglas Anderson. The plaintiff alleges the following facts. On February 24, 1982, the plaintiff and the defendant were married. On or about December 28, 1995, the plaintiff and the defendant entered into a separation agreement which was incorporated into a decree of dissolution of marriage. Pursuant to the separation agreement, the plaintiff and the defendant were to equally split the proceeds from the sale of certain property. On or about April 30, 1998, the plaintiff and the defendant entered into a private written agreement which modified the terms of the separation agreement as to the distribution of the proceeds from the sale of the parties' home. This agreement provided that the plaintiff was to receive all net proceeds from the sale of the property up to a maximum of $75,000 at the close of escrow.
In count one of the complaint, the plaintiff alleges that the defendant has failed to pay to the plaintiff the outstanding balance of $24,034.93 due under the private agreement, and therefore the plaintiff has suffered damages. In count two, the plaintiff alleges that as a result of the defendant's failure to pay, the defendant has been unjustly enriched. In her prayer for relief, the plaintiff asks for attorney's fees.
On December 23, 1998, the defendant filed a motion to strike both counts of the plaintiff's complaint, as well as her demand for attorney's fees, accompanied by a supporting memorandum of law. The plaintiff filed a memorandum of law in opposition to the motion to strike on January 7, 1999. The defendant filed a reply to the plaintiff's opposition on January 11, 1999.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." Peter-Michael.Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558
(1998). "A [motion to strike] does not admit legal conclusions or CT Page 2072 the truth or accuracy of opinions stated in the pleadings."Holler v. Buckley Broadcasting Corp., 47 Conn. App. 764, 768,706 A.2d 1379 (1998). In determining the sufficiency of a motion to strike, "the court is limited to the facts alleged in the complaint." Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). The facts alleged in the complaint must be construed in a light most favorable to the pleader. RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,
supra, 240 Conn. 580.
A motion to strike is the proper vehicle to contest the legal sufficiency of a prayer for relief. Practice Book § 10-39;Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998). A motion to strike a prayer for relief is properly granted where, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff."Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257
(1984).
As a threshold matter, it must be determined whether the defendant's motion to strike is procedurally proper. The plaintiff argues that the defendant's motion is fatally defective under Practice Book § 10-41 and should be denied.[1]" Each motion to strike raising any of the claims of legal insufficiency . . . shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book § 10-41. The appellate court has stated however, that "a motion to strike that lacks specificity, but adequately submits the material issue to the court, . . . , is sufficient to comply with Practice Book [§] 154, [now Practice Book (1998 Rev.) § 10-41]." NorthPark Mortgage Services, Inc. v. Pinette, 27 Conn. App. 628, 630,608 A.2d 714 (1992).
In Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4,594 A.2d 1 (1991), the court stated that because the defendant did not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint in its motion, the motion was fatally defective under Practice Book § 10-41 notwithstanding the defendant's inclusion of such reasons in its supporting memorandum. The court, nevertheless, considered the defendant's motion due to the plaintiff's failure to object to its form and CT Page 2073 the nonjurisdictional nature of § 10-41. See also Celentanov. Oaks Condominium Assn., Superior Court, judicial district of New Haven at New Haven, Docket No. 366297 (August 5, 1996, Zoarski, S.T.R.) (the court will deny the motion to strike if the motion is fatally defective and the nonmovant plaintiff has objected to its form).
"[E]ven if the nonmovant has objected to the form of the motion, some courts have ruled that where `the grounds are clearly stated in the [movant's] brief, and there is no indication that failing to include them in the motion itself was prejudicial to the [nonmovant],' the objection should be overruled" Carrie Santanqelo Realty v. City of Derby, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 055447 (January 30, 1998, Flynn, J.); see A. Secondino Sonv. L.D. Land Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 359726 (December 29, 1994, Hadden, J.);General Electric Co. v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304571 (December 16, 1993, Fuller, J.).
Here, although the defendant's motion to strike lacks specificity, his memorandum of law adequately submits the material issues to the court and there is no indication that failing to include the grounds in the motion itself was prejudicial to the nonmovant. Therefore, regardless of the plaintiff's objection to the defendant's motion to strike, the court will consider the defendant's motion to strike.
The defendant moves to strike the plaintiff's first count on the basis that the claim is derived from an unenforceable private agreement. The defendant argues that the private agreement is unenforceable because it was not executed with the necessary formalities as provided for by article fourteen of the parties' separation agreement and was not approved by the court. The defendant also argues that the issue of the division of the sale proceeds of the marital home was fully litigated and the plaintiff's claim is thus barred under the doctrine of collateral estoppel. The plaintiff contends that whether the parties' private agreement is a valid modification of the parties' separation agreement is a question of fact. The plaintiff further contends that the modification of a separation agreement does not require court approval and/or a modification of the existing judgment, and moreover contends that the defendant's collateral estoppel argument is unfounded. CT Page 2074
"In any case . . . where the parties have submitted to the court an agreement concerning the . . . disposition of property, the court shall inquire into the financial resources. . . . If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court." General Statutes § 46b-66. "Once the agreement has been incorporated by reference into the decree, the agreement becomes the decree." Byrne v. Byrne, Superior Court, judicial district of Stamford, Docket No. 049734 (August 14, 1997, Tierney, J.) (20 Conn. L. Rptr. 112, 114). "The court's acceptance of [an] agreement [transforms] it into a binding order as to property distribution."Martone v. Martone, 28 Conn. App. 208, 215,611 A.2d 896, cert. denied, 224 Conn. 909,611 A.2d 169 (1992).[2] Pursuant to General Statutes § 46b-81, "[a]t the time of entering a decree . . . dissolving a marriage . . ., the Superior Court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect." General Statutes § 46b-81 (a). "Unlike periodic alimony and child support, the court's jurisdiction to assign property is not continuing. By its terms, [46b-81 (a)] deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes [§] 46b-81."[3]
(Internal quotation marks omitted.) Rosato v. Rosato,40 Conn. App. 533, 535, 671 A.2d 838 (1996).
Here, the parties' separation agreement contains a provision, article five, dealing with the assignment and disposition of real estate. Paragraph 5.4 of article five of the separation agreement provides that the net proceeds of any sale of the parties' house be divided fifty percent to the wife and fifty percent to the husband. The agreement was incorporated by the court into the dissolution judgment. Subsequently, the parties entered into a private written agreement regarding the net proceeds from the sale of their joint residence. The private written agreement attempts to modify the separation agreement.
The court does not have continuing jurisdiction over the portion of the parties' dissolution judgment dealing with the CT Page 2075 sale of the joint residence. See Rosato v. Rosato, supra,40 Conn. App. 535. "[D]ecrees in a dissolution action cannot be modified by acts of the parties without further decree or order by the court." (Internal quotation mark omitted.) Simms v. Simms,25 Conn. App. 231, 235, 593 A.2d 161, cert. denied,220 Conn. 911, 597 A.2d 332 (1991). Therefore, the provisions of the parties' separation agreement became an order of the court when incorporated into the dissolution judgment, and could not be modified by the parties without further order of the court. Therefore plaintiff's claim in count one is based on the parties' attempt to improperly modify the court order by private agreement. Accordingly, the defendant's motion to strike count one of the plaintiff's complaint is granted.
The defendant moves to strike the plaintiff's second count on the basis that the plaintiff's unjust enrichment claim is based on the unenforceable private agreement. The plaintiff argues that her unjust enrichment claim, which is based on her breach of contract claim in count one, is valid because the defendant has benefited, the benefit was unjust in that it was not paid for by the defendant and the failure of payment operated to the detriment of the plaintiff. As the private agreement entered into between the parties is unenforceable, the plaintiff's claim in unjust enrichment based on the agreement must likewise fail, and the defendant's motion to strike count two is granted.
Since both counts of the plaintiff's complaint have been stricken, there is no basis for any prayer for relief and the plaintiff's claim for attorney's fees need not be considered.
DAVID W. SKOLNICK, JUDGE