MARIO S. ROSATO *v.* BEATRICE M. ROSATO
(AC 14678)

O'Connell, C. J., and Foti and Landau, Js.

Considered April 7—officially released April 14, 1999*

*Beatrice Martone Rosato,* pro se, in support of the motion.

---

* April 14, 1999, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*James P. Caulfield* and *Mark M. Wrenn,* in opposition.

*Opinion*

PER CURIAM. The matter now before this court arises out of a decision we rendered on March 5, 1996. *Rosato* v. *Rosato,* 40 Conn. App. 533, 671 A.2d 838 (1996). The defendant has filed three pleadings captioned (1) motion to present new evidence for consideration, (2) motion to present additional evidence for comprehension of issue for reconsideration and (3) motion to sustain my reconsideration motion and comprehension of issue for reconsideration, respectively.[1] Because this court does not take evidence, those portions of the motions requesting permission to present new evidence must be dismissed. *State* v. *Laws,* 36 Conn. App. 401, 407, 651 A.2d 273, (1994), cert. denied, 232 Conn. 921, 656 A.2d 671 (1995) (only trial court has power and authority to take evidence). We will treat the remainder of the plaintiff's pleadings as motions for reconsideration of our prior decision.

The genesis of these motions is the July 11, 1988 dissolution of the parties' marriage when the trial court rendered financial and property distribution orders. Approximately six years later, on March 29, 1995, in response to the defendant's motion for clarification, the trial court rendered a decision purporting to be a clarification. The plaintiff appealed to this court and, on March 5, 1996, we reversed the trial court's order for the reason that it "was not a clarification, but an assignment of property interest" that could not be done three years postjudgment.[2] *Rosato* v. *Rosato,* supra, 40

---

[1] The defendant's original motion is dated February 15, 1999; the second motion is dated February 28, 1999; the third motion is dated March 29, 1999. Because of all these motions are of the same tenor, we will consider them together in this decision.

[2] General Statutes § 46b-86 (a), which grants continuing jurisdiction to the trial courts to modify alimony and support orders, expressly excludes continuing jurisdiction in the case of a property assignment.

Conn. App. 536. The defendant now asks us to reconsider that decision. We decline to do so.

This is not a court of last resort. If a party disagrees with one of our decisions and feels that we have fallen into error, our rules of procedure provide three avenues of redress: (1) A motion may be filed in this court for reconsideration or reargument pursuant to Practice Book § 71-5 (formerly § 4121) within ten days from the date when the decision being challenged is officially released. (2) A motion may be filed in this court to correct a technical or other minor mistake pursuant to Practice Book § 60-2 (10) (formerly § 4183).[3] (3) A petition may be filed seeking certification to the Supreme Court of Connecticut pursuant to Practice Book § 84-1 (formerly § 4126) within twenty days from the date an opinion is officially released or the issuance of notice of an order or judgment.

The defendant did not seek timely relief under any of these remedies, and the time for resort to them has long since expired.

We note that when our decision was rendered on March 5, 1996, the defendant was represented by counsel. She has furnished us with a copy of a letter from that counsel that unequivocally explained her right to seek certification from the Supreme Court together with that counsel's opinion that such certification was unlikely to be successful.[4]

---

[3] Query as to the application of this remedy in the present case because § 60-2 (10) is limited to "technical or other minor mistakes in a published opinion *which do not affect the rescript.*" (Emphasis added.)

[4] The relevant part of the defendant's counsel's letter is as follows: "Enclosed is a copy of the Court's decision in the above-entitled matter. Unfortunately, the Judges hold that Judge Santos could not change the pension allocation decision to a specific percentage in 1995 for a 1988 divorce.

"Our only recourse in attempting to hold onto Judge Santos' decision is to file for Certification to the Supreme Court. Such an application must be filed within 20 days from publication of the opinion on March 5, 1996. It

Although she was previously represented by counsel, the defendant now appears pro se. We recognize that it is the established policy of the Connecticut courts to be solicitous of pro se litigants and *when it does not interfere with the rights of other parties* to construe the rules of practice liberally in favor of the pro se party. *Connecticut Light & Power Co.* v. *Kluczinsky,* 171 Conn. 516, 519–20, 370 A.2d 1306 (1976); *Oakland Heights Mobile Park, Inc.* v. *Simon,* 36 Conn. App. 432, 436, 651 A.2d 281 (1994). Nevertheless, the statutes and rules of practice cannot be ignored completely. *Schaffer* v. *Schaffer,* 187 Conn. 224, 227–28 n.3, 445 A.2d 589 (1982) (even pro se litigants must comply with our rules of practice); *Zanoni* v. *Hudon,* 42 Conn. App. 70, 77, 678 A.2d 12 (1996) (" '[a]lthough we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law' "). Additionally, we emphasize that our liberal policy toward pro se parties is severely curtailed in cases where it interferes with the rights of other parties. The other party in this case, the plaintiff, has filed vigorous oppositions to the defendant's motions. We cannot ignore the plaintiff's rights, which were established in the dissolution judgment more than ten years ago.

The rationale for time limits on postjudgment motions is found in the doctrine of finality of judgments. See *Summerville* v. *Warden,* 229 Conn. 397, 427, 641 A.2d 1356 (1994).

The motions are dismissed.

---

will take approximately one week to prepare the application. Therefore, if you wish us to file for Certification, we need to hear from you on or before March 18th. We will need an additional fee to handle Certification . . . . I do not believe that a petition for Certification is likely to be successful and would not recommend your expending the funds. However, one can never be sure and you might prevail."