## ANTONIO BENNINGS *v.* DEPARTMENT OF CORRECTION ET AL.
### (AC 18894)

Lavery, C. J., and Spear and Dupont, Js.

Argued March 29—officially released July 25, 2000

*Antonio Bennings*, pro se, the appellant (plaintiff).

*Maria C. Rodriguez* and *Michael J. Lanoue*, assistant attorneys general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Charles A. Overend*, assistant attorney general, for the appellees (defendants).

*Opinion*

PER CURIAM. The pro se plaintiff, Antonio Bennings, appeals from the judgment dismissing his action that alleged wrongful discharge, breach of contract and breach of contractual good faith. The plaintiff claims that the trial court improperly dismissed his complaint because (1) the named defendant, the department of correction,[1] wrongfully discharged him from his position as a correction officer, (2) he properly completed the background form that the named defendant required for him to maintain his employment, (3) the named

---

[1] The other defendants in this action are the department of labor, Bennett Pudlin, Mark Manning and Robert Carbone.

defendant received the completed background check and falsely denied such receipt and (4) the named defendant did not make it clear that failure to sign the additional background form would result in discipline or termination. The complaint was dismissed because the state did not consent to the suit and was, therefore, immune from suit on the basis of the doctrine of sovereign immunity. We affirm the judgment of the trial court.

The plaintiff, who is not a lawyer, has submitted a brief that is simply a compilation of documents from prior proceedings before the department of labor, employment security appeals division, and correspondence between the plaintiff's then counsel and the named defendant. Although we "recognize that it is the established policy of the Connecticut courts to be solicitous of pro se litigants and *when it does not interfere with the rights of other parties* to construe the rules of practice liberally in favor of the pro se party"; (emphasis in original) *Rosato* v. *Rosato*, 53 Conn. App. 387, 390, 731 A.2d 323 (1999); "the statutes and rules of practice cannot be ignored completely." Id. Because the plaintiff's claims are inadequately briefed, we cannot review them. "We are not required to review issues that have been improperly presented to this court through an inadequate brief." *Connecticut National Bank* v. *Giacomi*, 242 Conn. 17, 44–45, 699 A.2d 101 (1997).

The judgment is affirmed.