[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO CLARIFY — POST JUDGMENT
This matter comes before the court post-judgment by way of the defendant husband's ("husband") Motion to Clarify dated January 3, 2001 and the plaintiff wife's ("wife") Objection thereto dated January 12, 2001. Specifically, the court has been asked to clarify its Memorandum of Decision dated October 27, 2000, in three respects, to wit:
 1. The equitable division of the stock accounts in the wife's name;
 2. The responsibility, if any, for the payment of interest and penalties, as well as preparation costs of the joint 1999 New York and Connecticut state income tax returns and the federal income tax return; and
 3. Whether or not the original order of the court contemplated the payment of interest on the promissory note securing the husband's share of the Westport real property in the event of a transfer by the wife prior to the expiration of a period of two (2) years from the date of said Memorandum of Decision.
 LAW
"Motions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper." Holcombe v. Holcombe,22 Conn. App. 363, 366 (1990); Cattaneo v. Cattaneo, 19 Conn. App. 161,163 (1989); Schott v. Schott, 18 Conn. App. 333, 334-35 (1989); Millerv. Miller, 16 Conn. App. 412, 415 (1988). Moreover, "under the common law, judgments may be "corrected" at any time." Blake v. Blake,211 Conn. 485, 494 (1989). Furthermore, it has been long held that a trial court has the general power to enter appropriate orders in order to give effect to its decree. Gentile v. Ives, 163 Conn. 281, 282, (1972);Murphy v. Murphy, No. 283727 (Dec. 1, 1995) 1995 Ct. Sup. 13390, Page 3427 (Hull, S.T.R.). In performing this function, the court should consider the motion "in the context of its entire memorandum of decision." Sunbury v. Sunbury, 13 Conn. App. 651, 658 (1988). (Emphasis added) Whether the defendant characterizes the motion as one to correct CT Page 1893 or clarify, the court must examine the practical effect of the ruling.Jaser v. Jaser, 37 Conn. App. 194, 202 (1995). The plaintiff contends that were the trial court to, in response to the Motion to Clarify, enter an order specifically dividing the stock accounts standing in the wife's name, this would be an impermissible modification of a property division. She relies on the case of Rosato v. Rosato, 40 Conn. App. 533
(1996). Her reliance thereon is misplaced. In Rosato, decided six years after the original decision, the court actually changed the form of the retirement benefit to be received by the former spouse as set forth inthe decree. Here, barely two months have passed since the entry of the decree, and while the matter is still fresh in everyone's mind, the defendant seeks clarification of that decree. While the Order portion of the Memorandum of Decision was silent as to the division of the stock account, the Findings were not. In viewing the Memorandum of Decision as a whole, it is clear that the court intended to divide the stock account, and that its omission from the Order was an oversight. As to the other requests set forth in defendant's motion, considering them in light of the foregoing, the court feels that, as to the Westport real estate, its order was sufficiently clear, and as to the liability for tax preparation fees as well as interest and penalties, the entry of a further order in this regard without an evidentiary hearing would be an impermissible modification.
 FINDINGS
The Court, having heard the arguments of counsel, and having reviewed the file, hereby articulates its decision and makes the following findings:
 1. That on page 9 of its Memorandum of Decision dated October 27, 2000, at paragraph 11 the court made a specific finding that "it is equitable and appropriate that he [the husband] share in the appreciation and growth in the securities portfolio during the marriage," which the court further found to be $66,000.
 2. That the court inadvertently omitted the dispository language regarding this asset from its Orders.
 3. That it was the original intention of the court that the parties should share equally in such appreciation in value as of the date of theCT Page 1894 Memorandum of Decision, and that this decision was reached after careful consideration of the facts of the case in light of the factors enumerated in Section 46b-81 C.G.S.
 4. That it was not the intention of the court that interest be awarded on this sum.
 5. That this sum should be paid to the husband within two (2) weeks from the date of this Memorandum of Decision.
 6. That the court did not consider evidence regarding penalties and interest as well as preparation fees for the joint 1999 state and federal income tax returns in rendering its original order.
 7. That the entry of orders regarding the responsibility for any interest and penalties as well as the fees for preparation of said returns, without further hearing would be an impermissible modification of its original order.
 8. That the court articulates and clarifies Paragraph 3 of its prior order to the effect that the court did not intend that any interest be paid, under any circumstances, prior to the expiration of two (2) years from the date of its original Memorandum of Decision.
 ORDER
IT IS HEREBY ORDERED THAT:
 1. The defendant's Motion to Clarify is hereby GRANTED IN PART and DENIED IN PART.
 2. The plaintiff's Objection Defendant's Motion to Clarify is hereby GRANTED IN PART and DENIED IN PART.
 3. The Memorandum of Decision dated October 27, 2000, in particular, Paragraph 4 of the Order which begins "Personal property shall be divided as follows," is HEREBY CORRECTED by the addition CT Page 1895 of the following:
 4. G. That portion of the securities accounts standing in the wife's name as shown on her most recent financial affidavit as on file with the court which portion represents the appreciation in value in said securities accounts during the term of the marriage, which appreciation the court finds to be $66,000, shall be divided equally by the parties. The wife may, at her option, pay to the husband said sum of $33,000 in cash or deliver to him securities from those accounts having a market value of $33,000 as of the date of the Memorandum of Decision dated October 27, 2000 provided that the securities to be divided are selected, to the extent practicable, pro-rata from all of the securities in said accounts, it being the intent of the court that each party bear their pro-rata share of any gains and losses upon the ultimate sale or other disposition of the securities.
 4. Said payment and/or delivery shall be made to the husband within two (2) weeks from the date of this Corrected Memorandum of Decision.
 5. Paragraphs 6. through 13. of the Memorandum of Decision dated October 27, 2000, shall become Paragraphs 5. through 12. of the Corrected Memorandum of Decision.
 6. In all other respects, the provisions of the Memorandum of Decision dated October 27, 200 shall remain in full force and effect.
THE COURT
SHAY, J.