## ORONOQUE SHORES CONDOMINIUM ASSOCIATION NO. 1, INC. *v.* DOROTHY A. SMULLEY ET AL. (AC 29916)

Gruendel, Harper and Pellegrino, Js.

---

Argued February 18—officially released May 5, 2009

*James H. Lee*, for the appellant (named defendant).

*Marie A. Casper*, with whom was *Brian E. Tims*, for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. The defendant Dorothy A. Smulley,[1] a unit owner in the Oronoque Shores condominium complex in Stratford, appeals from the judgment of the trial court foreclosing a lien for unpaid common charges, unpaid special assessments and attorney's fees in this action brought by the plaintiff, Oronoque Shores Condominium Association No. 1, Inc. (association). The contested issues before the trial court,[2] and the subject of this appeal, concern the levy of two special assessments, both as to their validity and enforceability, and the award of attorney's fees pursuant to General Statutes § 47-258 (g). On appeal, the defendant claims that (1) both special assessments were incorrectly apportioned, thereby rendering them invalid, (2) notice of the special litigation assessment was improperly published and (3) because the special assessment liens were invalid, the association was not a prevailing party and, therefore, not entitled to an award of attorney's fees. This court does not agree and, accordingly, affirms the judgment of the trial court.

---

[1] Although several subsequent encumbrancers also were named as defendants, they are not parties to this appeal. We therefore refer to Smulley in this opinion as the defendant.

[2] At trial, the other contested issues were the nonpayment of two months of common charges and the defendant's counterclaim for water damage caused to her unit. Both of these issues were resolved in favor of the association, and the defendant does not appeal from that portion of the judgment.

The following facts found by the court are relevant to the disposition of the defendant's appeal. The association levied two special assessments, one for additional costs incurred for snow removal (snow assessment) and the other for a fund to pay for litigation expenses (litigation assessment) to contest a zoning application of an adjacent landowner, which would adversely affect the complex. The association imposed the snow assessment on all unit owners for the additional cost of snow removal for the winter of 2004-2005, as the cost exceeded the amount the association originally had budgeted. In calculating the snow assessment, the association incorrectly apportioned the amount to each unit owner equally, instead of on the basis of each unit owner's proportional percentage of interest in the common elements of the complex pursuant to its bylaws. After the commencement of this action, the association correctly reapportioned the snow assessment on the basis of each unit owner's proportional percentage of interest in the common elements, which reduced the amount owed by the defendant. The court held that the correction cured the apportionment issue and that the snow assessment lien was valid.

The association imposed the litigation assessment after learning that an adjacent landowner had submitted an application to the planning and zoning commission of the town of Stratford to construct a new access road, which would involve truck traffic passing next to a portion of the complex. The association provided notice to all unit owners that it would hold a special meeting to discuss the adjacent landowner's zoning application. The defendant attended the meeting, and the minutes from the meeting reflect that all parties were provided the opportunity to speak. A resolution to obtain legal counsel to represent the association was voted on and unanimously approved by voice vote. Additionally, a second resolution to assess each unit owner $500 to

cover the anticipated litigation costs unanimously was approved by voice vote. The defendant acknowledged in a letter to the association that both the snow assessment and the litigation assessment were due and owing. The court held that the litigation assessment was valid but reduced the amount owed by the defendant to her proportional percentage of interest in the common elements. After a trial, the court rendered judgment in favor of the association and awarded it attorney's fees as the prevailing party. From that judgment, the defendant now appeals.

We first set forth our standard of review. "The interpretation of a condominium's declaration presents a question of law." *Stamford Landing Condominium Assn., Inc.* v. *Lerman*, 109 Conn. App. 261, 267, 951 A.2d 642, cert. denied, 289 Conn. 938, 958 A.2d 1246 (2008). "We also conduct plenary review of corporate articles and bylaws." *Bella Vista Condominium Assn., Inc.* v. *Byars*, 102 Conn. App. 245, 248, 925 A.2d 365 (2007). Our standard of review is thus plenary.

I

The defendant first claims that the snow assessment was not a valid lien because it did not conform with General Statutes §§ 47-76 (b)[3] and 47-257 (b),[4] as well as the Oronoque Shores Condominium No. 1, Inc., bylaws, § 11 (a),[5] and, accordingly, could not have been foreclosed. Specifically, the defendant claims that (1) the

[3] General Statutes § 47-76 (b) provides in relevant part: "Funds for the payment of current common expenses and . . . for improvements, replacements and additions shall be obtained by assessments against the unit owners in proportion to their percentage interests in the common element . . . ."

[4] General Statutes § 47-257 (b) provides in relevant part: "Except for assessments under subsections (c), (d) and (e) of this section, all common expenses shall be assessed against all units in accordance with the allocations set forth in the declaration pursuant to subsections (a) and (b) of section 47-226. . . ."

[5] Section 11 (a) of the plaintiff's bylaws provides in relevant part: "The association shall from time to time, and at least annually . . . determine

original snow assessment was invalid because it was improperly apportioned, (2) the correctly reapportioned assessment was invalid because the association's board did not vote on it and (3) the corrected reapportioned snow assessment was not pleaded or litigated at trial. We disagree.

We start with the defendant's argument that the snow assessment was invalid ab initio, and, therefore, the reapportionment could not make the snow assessment valid. Specifically, the defendant states that the original snow assessment was not valid because it was not calculated on the basis of the proportional percentage of each unit owner's interest in the common elements but, rather, was divided equally, in violation of § 47-76 (b) and § 11 (a) of the condominium bylaws. The defendant argues, therefore, that a correction to the original invalid assessment does not make the snow assessment valid because it was never valid to begin with, and, further, the correction could not be a new assessment because it was not voted on by the board.

A

The defendant first argues that the original assessment was invalid because it was not apportioned properly. The unit owners had been notified that a snow assessment could be assessed in the future if the budget was exceeded and when that did occur, the board imposed the assessment. The defendant concedes that this was legal and to be expected. She argues, however, that merely because of the incorrect apportionment, the assessment should be considered void. We disagree. The snow assessment was forewarned, properly

the amount of the common charges payable by the unit owners to meet the common expenses of the [c]ondominium, and allocate and assess such common expenses and charges among the unit owners in proportion to their percentage interests in the common elements. . . . The common expenses may also include such amounts . . . to make up any deficit in the common expenses for the prior year."

imposed and voted on by the board and within the association's authority to impose. See General Statutes § 47-244 (a) (2);[6] Oronoque Shores Condominium No. 1, Inc., bylaws, § 11 (a).[7] Accordingly, the steps taken in imposing the original snow assessment were proper, and the snow assessment, as the total overrun of snowplowing costs, was valid.

## B

The defendant further argues that the board was required to reconvene to vote on the corrected apportionment of the snow assessment to make the corrected assessment valid. The defendant claims that because the board did not do so, there is still no valid snow assessment to create a lien on which the association can foreclose. The snow assessment calculated by the association was the total amount of the overrun in the snowplowing costs. The only error was that the association initially improperly apportioned the total snow assessment equally among the unit owners rather than in proportion to their individual percentage interest in the common elements. We must note that there is a difference between the validity of the snow assessment, that is, the power of the association to impose the assessment, and the manner in which it was apportioned. The apportioning of the snow assessment to each unit owner is a ministerial task, which does not affect the validity of the snow assessment itself. See *Birnie* v. *Electric Boat Corp.*, 288 Conn. 392, 394 n.1,

---

[6] General Statutes § 47-244 (a) provides in relevant part: "[T]he association . . . may . . . (2) [a]dopt and amend budgets for revenues, expenditures and reserves and collect assessments for common expenses from unit owners . . . ."

[7] Section 11 (a) of the condominium bylaws provides in relevant part: "The association shall from time to time, and at least annually, prepare a budget for the [c]ondominium, determine the amount of the common charges payable by the unit owners to meet the common expenses of the [c]ondominium . . . and to make up any deficit in the common expense for the prior year."

953 A.2d 28 (2008) (application of simple mathematical formula to calculate award under General Statutes § 31-306 ministerial task); *Smith* v. *Yurkovsky*, 265 Conn. 816, 820, 830 A.2d 743 (2003) (undertaking basic mathematical computation to calculate average weekly working hours, not exercising independent judgment or discretion, ministerial task).

In the present matter, the court found that the snow assessment was proper, and the defendant has not argued or briefed either that the association could not impose the assessment for the overage in the snow costs or that the amount of the total overrun was inaccurate or invalid. Accordingly, we consider only the ministerial apportionment of each owner's percentage of the snow assessment. See *Hare* v. *McClellan*, 234 Conn. 581, 588 n.5, 662 A.2d 1242 (1995) (court will not consider issues not raised by parties). The association subsequently agreed with the defendant that the snow assessment should be apportioned on the basis of the unit owner's proportional percentage of interest, which then led to a reduction of the defendant's assessment. The court noted in its decision that the defendant acknowledged that the snow assessment was due and owing and, further, that the defendant's posture at trial was at variance with her admission that the snow assessment was due and owing. As the snow assessment was valid and the calculation to correct the apportionment to each owner was ministerial, the defendant's argument that the snow assessment was invalid has no merit.

C

Last, the defendant argues that the corrected snow assessment was neither pleaded nor litigated and, therefore, cannot be valid and foreclosed upon. The association did allege in its complaint that it had a valid lien for "special assessments." The snow assessment was

pleaded and certainly was litigated. Even if there is a pleading deficiency as is argued by the defendant, the court can decide a case on the basis on which it is litigated. See *Stamford Landing Condominium Assn., Inc.* v. *Lerman,* supra, 109 Conn. App. 273–75 (holding common fees and late charges not pleaded but litigated were owed whereas garage assessment not pleaded or litigated not owed). The issue of the validity of the snow assessment was thoroughly litigated in this case.

We conclude, therefore, that the court properly determined that the snow assessment was a valid lien and that the association could foreclose on it on the basis of nonpayment.

## II

The defendant next claims that the litigation assessment was invalid because (1) notice of the special meeting in which the litigation assessment was voted on was not proper and (2) it was not calculated in proportion to the percentage of interest each unit owner had in the common elements of the complex but, rather, was divided equally. The defendant, in her brief, states that she does not challenge the court's factual findings but, rather, challenges its legal reasoning. Accordingly, our review is plenary. See *Bella Vista Condominium Assn., Inc.* v. *Byars,* supra, 102 Conn. App. 248.

The court found that the notice provision in the condominium bylaws was not strictly adhered to. Lack of notice, however, was not the court's only inquiry. In its memorandum of decision, the court cited *Twenty-Four Merrill Street Condominium Assn., Inc.* v. *Murray,* 96 Conn. App. 616, 622, 902 A.2d 24 (2006), for the proposition that notice is a concept of fundamental fairness and not a rigid concept. Accordingly, the court found that because the defendant knew the purpose of the special meeting, attended the meeting in which the litigation assessment was approved by unanimous voice

vote and later in a letter acknowledged that she owed the litigation assessment, the court would not invalidate the assessment on the basis of defective notice. The court then exercised its equitable jurisdiction and reduced the amount the defendant owed to her proportional share.

In *Twenty-Four Merrill Street Condominium Assn., Inc.*, the defendant challenged whether the plaintiff provided him proper notice of its decision to levy an assessment. The court held that the statutory lien at issue was not invalid because no prejudice attached to the defendant by receiving late notice of the plaintiff's assessment. Id., 625. The court stated: "The concept of notice concerns notions of fundamental fairness, affording parties the opportunity to be apprised when their interests are implicated in a given matter. . . . Notice is not a rigid concept. Section two of the Restatement (Second) of Judgments, entitled 'Adequate Notice,' states in relevant part that '[a]n action may proceed without notice to a person interested therein when . . . (c) [t]he person is afforded an adequate subsequent opportunity to protect his interest.' 1 Restatement (Second), Judgments § 2 (4) (c), p. 34 (1982). It further explains that '[t]he modern approach to notice-giving attaches primary importance to actual notice and treats technical compliance with notice procedures as a secondary consideration. . . . To invalidate the notice simply because it is irregular is to protect no worthwhile interest of the party who has raised the objection. He has had his due. An objection to the notice on his part serves only to induce concern for punctilious adherence to formality . . . .' " (Citations omitted.) *Twenty-Four Merrill Street Condominium Assn., Inc.* v. *Murray,* supra, 96 Conn. App. 622–23.

Our review of the record leads us to the conclusion that the association did not strictly adhere to the notice requirement of the condominium bylaws; however, the

defendant was provided adequate notice that the special meeting was to gather information about the adjacent landowner's application to construct a roadway near the condominium complex. The information gathered at the meeting was to be used by the association to make a presentation to the planning and zoning commission regarding the association's position on the application. Further, the defendant attended the meeting in which the minutes indicate that most participants asked at least one question, and the litigation assessment was unanimously passed by voice vote. Additionally, the defendant sent a letter to the association admitting that the debt was owed. Moreover, the court reduced the amount of the litigation assessment owed by the defendant so that the assessment was in accordance with the condominium bylaws. The court ordered that the defendant pay not an equal amount but, rather, her proportional share that was based on her interest in the common elements.

Pursuant to *Twenty-Four Merrill Street Condominium Assn., Inc.*, we conclude that a mere technical deficiency in the notice does not invalidate the litigation assessment. See id., 622. Although the notice provided to the defendant was improper, notice is based on the concept of fundamental fairness, and the defendant was afforded the opportunity to be apprised of her interest with regard to the litigation assessment, and she had her due. See id., 622–23. Accordingly, we conclude that the court properly determined that the litigation assessment was valid.

## III

Last, it is the defendant's claim that because the liens were invalid, the association had no claim for attorney's fees.[8] Because we find that the liens were valid, the

[8] In her reply brief, the defendant does not challenge the amount of the attorney's fees. She acknowledges that the amount of attorney's fees are in the sound discretion of the court but, rather, argues that the association is not entitled to any attorney's fees if she prevails in this appeal.

court properly awarded attorney's fees to the prevailing party under § 47-258 (g).[9] The special assessments were valid, but the defendant refused to pay them. The court properly determined that the association, as the prevailing party, was entitled to reasonable attorney's fees.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[9] General Statutes § 47-258 (g) provides: "A judgment or decree in any action brought under this section shall include costs and reasonable attorney's fees for the prevailing party."