# DENNIS W. BYARS *v.* STEVEN G. BERG ET AL.
## (AC 29642)

Harper, Robinson and Berdon, Js.

Argued May 20—officially released September 8, 2009

*Dennis W. Byars*, pro se, the appellant (plaintiff).

*Dana B. Lee*, for the appellees (defendant Connecticut Condo Connection et al.).

*Opinion*

HARPER, J. The plaintiff,[1] Dennis W. Byars, appeals from the summary judgment rendered by the trial court in favor of the defendants, Connecticut Condo Connection and Cathy Luciano.[2] The plaintiff claims that the court improperly concluded that his claims are precluded under the doctrine of collateral estoppel. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to the plaintiff's appeal. In 2004, in an earlier action, the Bella Vista Condominium Association, Inc. (association), sought to foreclose a statutory lien for unpaid common expense assessments against the plaintiff, a unit owner in the condominium complex. The plaintiff admitted that he had not paid any of the assessments but alleged that the executive board of the association had not been constituted legally. On this basis, he claimed that certain actions taken by the association were not legally valid and that he was not liable for the assessments. In a decision issued on November 8, 2005, the court ruled in favor of the association and

---

[1] The plaintiff appears pro se in this appeal and appeared pro se before the trial court.

[2] In his revised complaint, the plaintiff named six defendants: Steven G. Berg, Connecticut Condo Connection, Cathy Luciano, Dolores Smith, Tom O'Connell and Paul Hynard. The record reflects that the court granted Hynard's motion to dismiss the action against him for lack of proper service of process. Also, the record reflects that Smith, O'Connell and Berg have filed motions for summary judgment that have yet to be ruled on by the court. Thus, Connecticut Condo Connection and Luciano are the only defendants at issue in this appeal, and we refer to them as the defendants.

ordered a foreclosure by sale of the plaintiff's unit to satisfy his debt. The plaintiff appealed to this court, which affirmed the judgment of the trial court in a decision officially released on July 3, 2007. *Bella Vista Condominium Assn., Inc.* v. *Byars*, 102 Conn. App. 245, 925 A.2d 365 (2007).

On February 28, 2005, the plaintiff filed a revised complaint in the present action, alleging, inter alia, fraudulent misrepresentation. Essentially, the plaintiff alleged that because it was not legally constituted, the association and its various agents, including the defendants,[3] lacked the authority either to enter into legally binding contracts or to take legal action on behalf of the association. The plaintiff claimed that he suffered harm from the actions of the defendants that resulted in the association successfully having foreclosed liens against his property.

On October 12, 2007, the defendants filed a motion for summary judgment. They asserted that the present action is barred by the doctrines of collateral estoppel and res judicata because the plaintiff is attempting to relitigate issues already determined in the earlier action. The court granted the defendants' motion in a thorough memorandum of decision. The court concluded that the plaintiff's claims were "the *exact same* claims he unsuccessfully raised in the foreclosure action"; (emphasis in original); and that they were barred under the general principles of collateral estoppel because the issues were resolved adverse to the plaintiff in that earlier action. The plaintiff appeals from the court's summary judgment. The plaintiff raises several claims, all of which relate to the court's application of the doctrine of collateral estoppel to the facts of this case.[4]

---

[3] The plaintiff alleged that Connecticut Condo Connection acted as management of the condominium complex for the association and that Luciano acted as the "management agent" for the association.

[4] The plaintiff frames his claims in terms of his right to equal protection, yet he does not set forth any substantive arguments related to, or any

Whether the court properly applied the doctrine of collateral estoppel is a question of law over which we exercise plenary review. *Sellers* v. *Sellers Garage, Inc.*, 110 Conn. App. 110, 114, 954 A.2d 235 (2008). "Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." *In re Juvenile Appeal (83-DE)*, 190 Conn. 310, 316, 460 A.2d 1277 (1983). "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment." (Citations omitted; internal quotation marks omitted.) *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 260, 773 A.2d 300 (2001).

"Collateral estoppel may be invoked against a party to a prior adverse proceeding or against those in privity with that party." *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 303, 596 A.2d 414 (1991). The plaintiff, as a party to the earlier action, is precluded from relitigating issues that were determined in that action.

---

analysis of, an equal protection claim. "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Taylor* v. *Mucci*, 288 Conn. 379, 383 n.4, 952 A.2d 776 (2008). To the extent that the plaintiff purports to raise any equal protection claims, we deem such claims to be abandoned. Instead, we address the substance of the claims raised and analyzed by the plaintiff.

We must determine whether the issues raised by the plaintiff in the present case were in substance already litigated and determined in the earlier action. As did the trial court, we begin our analysis by reviewing the portions of this court's decision in *Bella Vista Condominium Assn., Inc.* v. *Byars,* supra, 102 Conn. App. 245, that are relevant to our consideration of the claims currently before us. In the earlier foreclosure action, the plaintiff first claimed that, by virtue of statute and the association's bylaws, all executive board members of the association were required to be unit owners. Id., 249. The plaintiff claimed that, at relevant times, all board members were not unit owners and, thus, that the board was not validly constituted. Id. This court, holding that only a majority of board members were required to be unit owners, rejected the claim. Id.

In asserting his defense in the earlier action, the plaintiff also argued that the association's bylaws required the executive board to have four members present to conduct business. Id. The plaintiff claimed that certain budgets adopted by the association were invalid because a quorum of four was lacking at the time that the budgets were adopted. Id. This court disagreed, holding that the bylaws required only that a majority of the board be present to conduct business. Id.

Next, the plaintiff claimed that the bylaws of the association required a minimum of three unit owners to be numbered among the necessary quorum of three required to conduct business. Id., 250. This court disagreed, concluding that for that purpose, there was "no indication in the bylaws . . . that the board members who own and do not own units should be treated differently." Id., 251.

Finally, the plaintiff alleged that Dolores Smith, who signed the deed for his unit in her capacity as secretary of the association, was not a duly authorized officer of

the association at the time of the transaction. Id., 253. On that ground, the plaintiff claimed that the deed to his premises was invalid and that he was therefore not liable to pay common fees. Id. This court concluded that the record indicated that at the time the deed was signed, Smith was a duly authorized representative of the association. Id. This court held, however, that even if there was some defect in Smith's position as secretary at the time of the transaction, under the general rules of agency law, she acted with the apparent authority of the association. Id. Because a party to a contract with an agent acting with the apparent authority of a disclosed principal is liable to the principal, we held that the deed was validly executed and that the plaintiff, therefore, was the owner of the unit for purposes of common fees liability. Id., citing Restatement (Second), Agency § 292, p. 19 (1958).

In the present action, the court concluded: "The claims in both cases allege that [the association's] executive board was illegally constituted and, as a result, lacked the authority to sell [the plaintiff] his condominium, impose common charges on him and commence the foreclosure actions. [The plaintiff's] claims in both actions involve essentially the same parties, the same witnesses, arise from the same events and allege violation of the same sections of the General Statutes and [the association's] bylaws." Having carefully reviewed all of the information before the court when it ruled on the motion for summary judgment, we agree with the court's conclusion. In substance, the issue of whether the association's executive board was legally constituted underlies all of the plaintiff's claims in the present action. The conclusion that the executive board of the association was legally constituted and that the association engaged in lawfully binding business activities with the plaintiff was essential to the earlier judgment upheld in *Bella Vista Condominium Assn., Inc.*

This issue has been determined by a valid and final judgment. Accordingly, we affirm the court's decision that the plaintiff's action is barred under the doctrine of collateral estoppel.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] We note that, at various points in his brief, the plaintiff asserts that our decision in *Bella Vista Condominium Assn., Inc.*, was wrongly decided. In support of his claim, the plaintiff alleges that this court failed to consider certain evidence and improperly applied relevant law. Such claims are of no avail. A former judgment on a claim rendered on the merits is an absolute bar to a subsequent action under the doctrine of res judicata. *Fink v. Golenbock*, 238 Conn. 183, 191, 680 A.2d 1243 (1996). "The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." Id. "A collateral attack on a judgment is a procedurally impermissible substitute for an appeal." *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance*, 208 Conn. 187, 201, 544 A.2d 604 (1988). Because the plaintiff was afforded a full and fair opportunity to litigate issues related to the legality of the association's actions in the earlier proceeding, he is precluded from relitigating those issues in the present action. The plaintiff's attempts to attack the prior judgment collaterally are barred by the doctrine of res judicata.