## SOTAVENTO CORPORATION *v.* COASTAL PALLET CORPORATION ET AL.
### (AC 27621)

Flynn, C. J., and Harper and Lavine, Js.

Argued March 19—officially released July 31, 2007

*Joshua A. Winnick*, for the appellant (defendant Marvin R. Leventhal).

*John F. X. Peloso, Jr.*, with whom, on the brief, was Sharina Talbot, for the appellee (plaintiff).

*Opinion*

LAVINE, J. The plaintiff, the Sotavento Corporation, brought this action to impose personal liability on the defendants, several limited partners of Morningside Partners Limited Partnership (Morningside). In a previous action, the plaintiff had obtained a judgment against Morningside for its failure to pay the plaintiff amounts it had borrowed under a promissory note. One of the defendants, Marvin R. Leventhal,[1] appeals from the trial court's denial of his motion for summary judgment, in which he argued that the claims made in the present action were barred by the doctrine of res judicata.[2] Because the present action is against the defendants individually, and not the partnership, and because the claims are based on facts that came to light after judgment was rendered in the previous action, we affirm the trial court's denial of Leventhal's motion for summary judgment.

As a threshold matter, we set forth the facts and procedural history that are relevant to our resolution of Leventhal's appeal. On June 24, 1992, the defendants executed an amended and restated agreement of limited partnership (partnership agreement), which provided that the purpose of Morningside was to manage and

---

[1] In addition to Leventhal, three other limited partners of Morningside, Coastal Pallet Corporation, Peter G. Standish and Bernice Donahue, also were named as defendants in the underlying action. These three other limited partners are not parties to this appeal. We refer throughout the opinion, however, to all four named limited partners, collectively, as the defendants.

[2] "Although the denial of a motion for summary judgment ordinarily is not appealable because it is not a final judgment, the denial of a motion for summary judgment on the basis of a claim of res judicata is a final judgment for purposes of appeal because it invokes the right not to go to trial on the merits." *Cayer* v. *Komertz*, 91 Conn. App. 202, 203 n.2, 881 A.2d 368 (2005).

operate an office building located in Westport (property). The partnership agreement stated that Morningside would be dissolved and terminated upon the occurrence of the sale of the property. It also required that in winding up the partnership, any remaining assets would be distributed to the creditors of Morningside first and then to the partners, in the order of priority provided by law. At all times relevant to this action, Morningside was managed by a single general partner, Charles P. LeMieux III.

On October 26, 1995, Morningside, acting through LeMieux, borrowed funds from the plaintiff by executing a $150,000 revolving line of credit, a promissory note (note) and a mortgage on the property to secure its debt. On November 15, 1996, Morningside sold the property to a third party in order to avoid the foreclosure proceedings that had been commenced against the property by its principal mortgage creditor. In order to facilitate the sale of the property, the plaintiff agreed to receive a partial payment as consideration for releasing the property from its mortgage, leaving a principal amount due from Morningside under the note of $112,334.75.

Seeking to invalidate the promissory note to the plaintiff, Peter G. Standish in his capacity as a limited partner of Morningside, commenced a derivative action (*Standish*) on behalf of all of the limited partners, against the plaintiff, Morningside and LeMieux. The complaint in *Standish* sought a declaratory judgment that the note was void or unenforceable. It alleged that (1) LeMieux had acted without authority in making the note and mortgage, (2) the note had been executed for uses and purposes that were not in the interests of Morningside or in furtherance of its business and that it had been executed by LeMieux for his own benefit and (3) the plaintiff had been or should have been aware of LeMieux's intent.

The plaintiff subsequently commenced a collection action against Morningside on the promissory note (*Sotavento I*). In its complaint, the plaintiff's sole allegation was that Morningside had failed to pay the note in accordance with its terms. The defendants in this case, as well as several other limited partners of Morningside, (limited partners), were named as garnishees. On May 16, 1997, the limited partners were allowed to intervene in *Sotavento I* "for the purpose of asserting [a] defense in the name of and on behalf of [Morningside]." Subsequently, *Sotavento I* and *Standish* were consolidated on July 28, 1997.

On October 17, 1997, the plaintiff filed a motion for summary judgment against the limited partners, claiming that there were no genuine issues of material fact as to whether LeMieux was authorized to execute the note and that it was entitled to judgment as a matter of law. The court granted the plaintiff's motion as to liability only. The limited partners subsequently appealed to this court. This court affirmed the trial court's judgment in *Standish* v. *Sotavento Corp.*, 58 Conn. App. 789, 755 A.2d 910, cert. denied, 254 Conn. 935, 761 A.2d 762 (2000). On May 3, 2002, *Standish* was dismissed. Thereafter, a hearing in damages was held in *Sotavento I* before the trial court, *Nadeau, J.* The court rendered judgment against Morningside in the amount of $163,838.20. The court did not render judgment against the limited partners.

The plaintiff, however, never received the amount of the judgment. Pursuant to a complaint dated August 11, 2004, the plaintiff commenced the present action against the defendants in their personal capacities (*Sotavento II*). The complaint alleged that "[u]pon information and belief, [the attorney for the partnership] distributed the [f]unds [from the sale of the property] to the [defendants]." It further alleged that the funds, following the sale of the property, represented the only

asset of Morningside. Thus, it alleged that in receiving the funds, the defendants essentially took control of Morningside and Morningside's business. The complaint stated: "Distribution of the [f]unds to the [defendants] and retention of same by [them] created liability to third parties such as [the plaintiff] under [General Statutes §§ 34-15 and 34-17][3] and was also in violation of [the plaintiff's] [p]rejudgment [a]ttachment, the terms of the [p]romissory [n]ote and the [partnership agreement] itself."

On January 11, 2006, Leventhal moved for summary judgment. Coastal Pallet Corporation, Standish and Bernice Donahue similarly moved for summary judgment on January 13, 2006. The defendants argued, in both motions, that the claims asserted in *Sotavento II* were barred by the doctrine of res judicata because they involve the same parties and issues as did *Sotavento I*, and, thus, the plaintiff should have sought judgment against the defendants in their individual capacities in

---

[3] General Statutes § 34-15, titled, "Liability of limited partners to third parties," provides in relevant part that "a limited partner is not liable for the obligations of a limited partnership unless he is also a general partner or, in addition to the exercise of his rights and powers as a limited partner, he participates in the control of the business; provided, if the limited partner does participate in the control of the business, he is liable only to persons who transact business with the limited partnership reasonably believing, based upon the limited partner's conduct, that the limited partner is a general partner."

General Statutes § 34-17, titled, "General powers and liabilities of general partners," provides in relevant part: "(a) Except as provided in this chapter or in the partnership agreement, a general partner of a limited partnership shall have all the rights and powers and be subject to all the restrictions of a partner in a partnership without limited partners.

"(b) Except as provided in this chapter, a general partner of a limited partnership shall have all the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners. Except as provided in this chapter or in the partnership agreement, a general partner of a limited partnership shall have all the liabilities of a partner in a partnership without limited partners to the partnership and to the other partners."

the previous action. The plaintiff responded that summary judgment should be denied because *Sotavento I* was rendered against different parties on a different claim. On April 12, 2006, following oral argument, the court found that res judicata did not apply and orally denied the defendants' motions. This appeal by Leventhal followed.

Leventhal's sole claim on appeal is that the claims in *Sotavento II* are barred by res judicata and that the court improperly denied his motion for summary judgment. We are not persuaded.

As a threshold matter, we set forth the applicable standard of review and discuss the legal principles relevant to our resolution of Leventhal's claim. Summary judgment is the appropriate method for resolving a claim of res judicata. *Zanoni* v. *Lynch*, 79 Conn. App. 325, 338, 830 A.2d 314, cert. denied, 266 Conn. 928, 837 A.2d 803 (2003). Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary. *Heussner* v. *Day, Berry & Howard, LLP*, 94 Conn. App. 569, 572–73, 893 A.2d 486, cert. denied, 278 Conn. 912, 899 A.2d 38 (2006). "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Bouchard* v. *Sundberg*, 80 Conn. App. 180, 186, 834 A.2d 744 (2003).

"The principles underlying the doctrine of res judicata, or claim preclusion, are well settled. [A] valid,

final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand. . . . Furthermore, the doctrine of claim preclusion . . . bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action which were actually made or *which might have been made*." (Emphasis in original; internal quotation marks omitted.) *Zanoni* v. *Lynch,* supra, 79 Conn. App. 338. "[T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an *adequate opportunity* to litigate the matter in the earlier proceeding . . . ." (Emphasis in original; internal quotation marks omitted.) *Jackson* v. *R. G. Whipple, Inc.,* 225 Conn. 705, 717–18, 627 A.2d 374 (1993). "The rule of claim preclusion prevents reassertion of the *same claim* regardless of what additional or different evidence or legal theories might be advanced in support of it." (Emphasis added.) *Delahunty* v. *Massachusetts Mutual Life Ins. Co.,* 236 Conn. 582, 589, 674 A.2d 1290 (1996).

"We have adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata. [T]he claim [that is] extinguished [by the judgment in the first action] includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a transaction, and what groupings constitute a series, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit

conforms to the parties' expectations or business understanding or usage. . . . In applying the transactional test, we compare the complaint in the second action with the pleadings and the judgment in the earlier action." (Internal quotation marks omitted.) *Cadle Co.* v. *Gabel,* 69 Conn. App. 279, 296–97, 794 A.2d 1029 (2002). The applicability of res judicata raises a question of law that is subject to plenary review. *Linden Condominium Assn., Inc.* v. *McKenna,* 247 Conn. 575, 594, 726 A.2d 502 (1999).

In *Sotavento II,* the trial court concluded that "this claim is set forth in the complaint by [the plaintiff], and the case before me now is not the same claim that was brought against . . . Morningside . . . . And therefore, this lawsuit is not precluded on the ground of res judicata." The court further explained its denial of Leventhal's motion in an articulation dated September 11, 2006. "The court found that based on the limited facts available, [Leventhal] had not established that the claim made against [him] in this case was the same claim asserted in the earlier case. Indeed, the facts show that the claim in this case is against the individual defendants based on *their* actions as distinguished from the original claim against [Morningside] based on *its* nonpayment of the note payable to [the plaintiff]. [*Sotavento I*] was against [Morningside] for nonpayment of the loan evidenced by the note. The present claim is against [Morningside's] limited partners for violations of partnership law and the prejudgment remedy order. Therefore, this court found that the claims were not similar and that the present claim was not barred by res judicata.

"The court also was not persuaded by the argument of counsel for Leventhal that since theoretically the plaintiff could have amended its complaint in the original action to assert a claim against the [defendants] but

did not, the potential claim is precluded. This conclusion is strengthened by an affidavit of the plaintiff's principal that it did not know of the defendants' retention of the net proceeds of the building sale until after judgment had been entered in [*Sotavento I*]." (Emphasis in original.)

We have compared the complaint in *Sotavento II* with the pleadings and judgment in *Sotavento I*. On the basis of our review, we agree with the court's conclusion that *Sotavento II* does not involve the same claims as the earlier action so as to trigger operation of the doctrine of res judicata.

Although both *Sotavento I* and *Sotavento II* seek to collect the debt owed by Morningside, the claims raised in *Sotavento II* differ fundamentally from those raised in *Sotavento I*. The plaintiff commenced *Sotavento I* against the partnership only. The defendants in *Sotavento II* were not named as defendants in *Sotavento I* and intervened on behalf of Morningside only, not in their individual capacities. *Sotavento I* was a simple collection action against Morningside seeking payment on the promissory note. The plaintiff's complaint in *Sotavento II* centers around the defendants' individual conduct with regard to the distribution of the funds upon the property's sale. The complaint in *Sotavento I* did not allege anything with regard to the defendants' actions in receiving the funds upon the sale of the property but pertained solely to Morningside's failure to pay the note. Consequently, the judgment in *Sotavento I* did not address whether the defendants breached the partnership agreement or whether they had acted as de facto general partners subjecting them to personal liability pursuant to §§ 34-15 and 34-17.

Furthermore, a comparison of the complaint in *Sotavento II* with the proceeding and judgment in the former

action also reveals that the plaintiff's claims involve different operative facts, which demonstrates that the plaintiff did not have an adequate opportunity to litigate the matter in the earlier proceeding. See *Jackson* v. *R. G. Whipple, Inc.*, supra, 225 Conn. 717–18. As noted by the court, the plaintiff submitted an affidavit, stating that it did not discover in what manner the proceeds of the sale had been disbursed until *after* judgment was entered against Morningside in *Sotavento I*.[4] It is these subsequently discovered events that form the crux of the allegations in the plaintiff's complaint. "[M]aterial operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a *second action* not precluded by the first . . . ." (Emphasis in original; internal quotation marks omitted.) *Stein* v. *Horton*, 99 Conn. App. 477, 487, 914 A.2d 606 (2007). We conclude, therefore, that the claims asserted in *Sotavento II* were not litigated, nor could they have been litigated, in *Sotavento I*.

For the foregoing reasons, the claims raised in *Sotavento II* are not barred by the doctrine of res judicata. The court properly denied Leventhal's motion for summary judgment.

The order of the court denying summary judgment is affirmed.

In this opinion the other judges concurred.

---

[4] Specifically, Leventhal's counsel argued that the plaintiff had an obligation to conduct discovery in *Sotavento I* so that it could ascertain whether the partnership had received the funds. We note that Leventhal presented no authority at either the trial level or on appeal to support his assertion that the plaintiff's failure to conduct such discovery bars it from asserting the claims raised in *Sotavento II*.