******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AINSWORTH HALL *v.* GULAID O. GULAID
(AC 37901)

DiPentima, C. J., and Lavine and Sheldon, Js.

*Argued February 8—officially released May 31, 2016*

(Appeal from Superior Court, judicial district of
Hartford, Robaina, J.)

*Edward W. Case*, for the appellant (plaintiff).

*Michael J. Carreira*, for the appellee (defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Ainsworth Hall, appeals from the summary judgment rendered in favor of the defendant, Gulaid O. Gulaid. The plaintiff's sole claim[1] on appeal is that the trial court improperly concluded that his negligence action brought pursuant to General Statutes § 52-593[2] was barred by res judicata. We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history that are relevant to this appeal. This appeal stems from a motor vehicle accident that occurred on March 31, 2012, in which an automobile being operated by the defendant collided with a trailer being towed by the plaintiff's automobile. The police accident report identified the operators involved in the accident as the plaintiff and the defendant. The report also noted the defendant's Connecticut driver's license number and reported his birth year as 1993. The accident report identified Osman M. Gulaid (Osman), who resided at the same address as the defendant, as the owner of the automobile the defendant was operating at the time of the accident.

The plaintiff commenced a negligence action against Osman on July 11, 2013 (first action). In a single count complaint, he alleged that Osman, while "operating his motor vehicle," "collided with the trailer of the motor vehicle operated by the plaintiff." As a result, the plaintiff suffered various injuries that were caused by Osman's alleged negligence and careless operation of his automobile. In response, Osman filed his answer and special defenses, in which he denied that he was the operator of the vehicle that collided with the plaintiff's trailer and caused the plaintiff's injuries.

On January 17, 2014, Osman responded to the plaintiff's interrogatories and requests for production. Relevant to this appeal, Osman answered that he was born in 1946, provided his Connecticut driver's license number, and confirmed that he was the owner of the vehicle involved in the accident with the plaintiff. To an interrogatory seeking the "names and addresses of all persons known to you who were present at the time of the incident alleged in the [c]omplaint or who observed or witnessed all or part of the incident," Osman answered as follows: "I know my son, [the defendant] was present. I am not aware of the name(s) of the other individuals." Furthermore, in response to two interrogatories starting with the prefatory clause, "[i]f you were the operator of any motor vehicle involved in the incident that is the subject of this action," Osman answered: "Not applicable."

On May 13, 2014, Osman moved for summary judgment on the ground that there was no genuine issue of material fact that he was not the operator of the vehicle

that collided with the plaintiff's trailer and caused his resulting injuries. The court, *Huddleston, J.*, issued an order granting Osman's motion for summary judgment on June 9, 2014. It noted that during discovery, Osman had stated that he was born in 1946, had denied that he was the operator of the vehicle, and had admitted that his son was present at the accident site. The court further noted that the police accident report identified the operator of the vehicle as the defendant, born in 1993.

The plaintiff later commenced another action on June 17, 2014 (second action). The complaint in the second action identified the defendant as the operator and Osman as the owner of the vehicle that struck the plaintiff's trailer and injured the plaintiff, but otherwise repeated the allegations of the complaint in the first action. This complaint made no mention of the applicability of § 52-593. On June 19, 2014, the defendant and Osman moved for summary judgment on the ground that there was no genuine issue of material fact that the statute of limitations, General Statutes § 52-584,[3] had run. On July 14, 2014, the court, *Hon. Jerry Wagner*, judge trial referee, held a hearing on the motion for summary judgment. The plaintiff was not present.[4] From the bench, the court granted the motion for summary judgment. In its order, the court noted that "[n]othing ha[d] been filed in opposition." Furthermore, because "[n]o one ha[d] appeared to [oppose] this motion at short calendar and the statute of limitations on this matter ha[d] long run," there was no genuine issue of material fact that the action was barred by the statute of limitations.

The plaintiff thereafter commenced the present action against the defendant alone on December 17, 2014. The complaint in this action included an allegation not contained in the previous complaint, stating that the action had been brought pursuant to § 52-593, the wrong defendant statute. It alleged in a single count that the defendant caused the plaintiff's injuries through his negligent and careless operation of the automobile owned by Osman. On January 6, 2015, the defendant filed a motion for summary judgment on the ground that there was no genuine issue of material fact that the statute of limitations had run. In addition, the defendant argued that res judicata barred the action and that § 52-593 could not save it. On January 20, 2015, the plaintiff filed an objection to the motion for summary judgment, arguing, inter alia, that the "existence of . . . § 52-593 raise[d] an issue of material fact [that] defeat[ed] [the defendant's motion for] [s]ummary [j]udgment . . . ." On February 2, 2015, the court, *Robaina, J.*, held a hearing on the defendant's motion for summary judgment. The plaintiff was not present at the hearing. A little more than two weeks later, the plaintiff filed a caseflow request to argue his objection to the motion for summary judgment, indicating that he had not received

notice of the short calendar hearing.[5] It does not appear that the court acted on the plaintiff's request. On March 16, 2015, the defendant's motion for summary judgment was granted on the ground that the "entry of summary judgment in [the second action] preclude[d] the claim brought in this case." The plaintiff filed a motion to reargue and a motion for articulation. Both were denied. This appeal followed.

As a threshold matter, we set forth the applicable standard of review and discuss the legal principles relevant to our resolution of the plaintiff's claim. It is well established that our standard of review over a trial court's decision to grant summary judgment is plenary. *Finkle* v. *Carroll*, 134 Conn. App. 278, 282, 37 A.3d 851 (2012), aff'd, 315 Conn. 821, 110 A.3d 387 (2015). "Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A material fact is a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id. Summary judgment is the appropriate method for resolving a claim of res judicata. *Zanoni* v. *Lynch*, 79 Conn. App. 325, 338, 830 A.2d 314, cert. denied, 266 Conn. 928, 837 A.2d 803 (2003).

"The doctrine of res judicata [claim preclusion] holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." (Internal quotation marks omitted.) *Powell* v. *Infinity Ins. Co.*, 282 Conn. 594, 600, 922 A.2d 1073 (2007). "This court has recognized that a judgment obtained through the grant of summary judgment against a plaintiff constitutes a judgment on the merits for purposes of res judicata." (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, 102 Conn. App. 305, 311, 925 A.2d 432, cert. denied, 284 Conn. 906, 931 A.2d 261 (2007). Moreover, "[t]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding . . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Sotavento Corp.* v. *Coastal Pallet Corp.*, 102 Conn. App. 828, 834, 927 A.2d 351 (2007). We are mindful that, as a judicially created rule of reason that is enforced on public policy grounds; *Powell*

v. *Infinity Ins. Co.*, supra, 601; our Supreme Court has "observed that whether to apply [res judicata] in any particular case should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim." (Internal quotation marks omitted.) Id.

The crux of the plaintiff's argument on appeal is that the doctrine of res judicata should not be applied to § 52-593, a remedial statute.[6] This argument is premised on the plaintiff's belief that neither of his previous two actions "were ever tried on the merits of the underlying negligence claim." Therefore, he claims that the statute provides him the statutory right to commence a new action against the defendant within one year of the first action being terminated. Further, the plaintiff contends, because res judicata is a "judicially created rule of reason that is enforced on public policy grounds," and none of those grounds apply to the facts of this case, the court should not have mechanically applied res judicata to frustrate the "wrong defendant" statute's remedial purpose. We disagree.

The plaintiff's argument rests on his assertion that the second action did not conclude with a final judgment rendered upon the merits of the case. The plaintiff, however, fails to recognize that "[a] judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form. . . . A decision with respect to the rights and liabilities of the parties is on the merits where it is based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends." (Citations omitted; internal quotation marks omitted.) *Rosenfield* v. *Cymbala*, 43 Conn. App. 83, 91–92, 681 A.2d 999 (1996). In the second action, the pleadings and evidence presented to the court established that the statute of limitations had run because the automobile accident occurred in March, 2012, and the second action was commenced in June, 2014. Therefore, the court granted summary judgment on the ground that there was no genuine issue of material fact that the statute of limitations had run, barring the plaintiff's right of recovery. In short, the second action was decided on the merits.

The court in the second action was not presented with any opposition to the motion for summary judgment, nor did the record include any reference to § 52-593. We are mindful that "[t]he appropriate inquiry with respect to [claim] preclusion is whether the party had an *adequate opportunity* to litigate the matter in the earlier proceeding . . . ." (Emphasis in original; internal quotation marks omitted.) *Sotavento Corp.* v. *Coastal Pallet Corp.*, supra, 102 Conn. App. 834. After a thorough review of the record, we conclude that the

plaintiff had an adequate opportunity to litigate the matter. To the complaint in the second action, the plaintiff appended Judge Huddleston's order from the first action granting the defendant's motion for summary judgment on the ground that there was no issue of material fact that Osman was not the operator of the automobile that struck the plaintiff's trailer. After the second action was terminated by Judge Wagner on the ground that there was no issue of material fact that the statute of limitations had run, rather than filing a motion to reargue pursuant to Practice Book § 11-12, the plaintiff filed a motion for default for failure to appear on July 24, 2014, which was denied within the week. A motion to reargue would have been the appropriate response to Judge Wagner's order because the purpose of a motion to reargue is "to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts." (Internal quotation marks omitted.) *Opoku* v. *Grant*, 63 Conn. App. 686, 692, 778 A.2d 981 (2001). In this case, the plaintiff could have alerted the court that it had overlooked the applicability of § 52-593.

Finally, the plaintiff's contention that res judicata is inapplicable in a case involving a remedial statute is not supported by case law. On the contrary, our Supreme Court has explained that as pertaining to General Statutes § 52-592, it did not "discern . . . [an] intent to create an exception to the principles of res judicata that require, at some point, an end to litigation." *Hughes* v. *Bemer*, 206 Conn. 491, 495, 538 A.2d 703 (1988). Because we have stated that "the purpose and language of . . . §§ 52-592 and 52-593 are closely analogous"; *Henriquez* v. *Allegre*, 68 Conn. App. 238, 244 n.10, 789 A.2d 1142 (2002); we apply our Supreme Court's reasoning in *Hughes* and do not accept the plaintiff's invitation to create an exception to the principles of res judicata in an action brought under § 52-593. Accordingly, the plaintiff's claim must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff briefed a second issue, namely, that he was denied due process of law pursuant to the federal and state constitutions. At oral argument in this court, however, the plaintiff's counsel withdrew this claim.

[2] General Statutes § 52-593 provides in relevant part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. . . ."

[3] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person, or to . . . personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained . . . ."

[4] The plaintiff's counsel later claimed that the defendant's counsel did not notify him that the motion was to be argued on July 14, 2014.

[5] The plaintiff's counsel claimed that he had not been notified that the motion was being argued on February 2, 2015. On appeal, the defendant's counsel, in his appendix, submitted to this court an affidavit and a fax that

purported to show that the motion was marked as ready for argument and that the plaintiff's counsel had been notified via e-mail.

[6] Our Supreme Court and this court previously have characterized § 52-593 as a remedial statute. See *Finkle* v. *Carroll*, 315 Conn. 821, 831, 110 A.3d 387 (2015); *DiPietro* v. *Farmington Sports Arena, LLC*, 123 Conn. App. 583, 594, 2 A.3d 963 (2010), rev'd on other grounds, 306 Conn. 107, 49 A.3d 951 (2012).

We also note that § 52-593 is known as the " 'wrong defendant' " statute. *Finkle* v. *Carroll*, supra, 134 Conn. App. 282.

————————————————