CAYER ENTERPRISES, INC., ET AL. *v.* PETER G. DIMASI, ADMINISTRATOR (ESTATE OF PETER A. DIMASI)
(AC 24504)

Lavery, C. J., and DiPentima and McLachlan, Js.

Argued April 22—officially released July 27, 2004

*Kenneth E. Taylor,* with whom, on the brief, was *Brennen Maki,* for the appellants (plaintiffs).

*Paul R. Fitzgerald,* for the appellee (defendant).

*Opinion*

McLACHLAN, J. The plaintiffs in this conversion action, Cayer Enterprises, Inc., and David Cayer, appeal from the judgment of the trial court rendered in favor of the defendant, Peter G. DiMasi.[1] The plaintiffs claim that the court improperly granted the defendant's motion for summary judgment on the ground of res judicata. We agree and accordingly reverse the judgment of the trial court.

The relevant facts are as follows. In the spring of 2000, Cayer Enterprises, Inc., commenced an action (first action) predicated on the alleged conversion of its property by the defendant's decedent, Peter A. DiMasi. It alleged that the decedent had leased a commercial property the decedent owned in Danbury to a third party, who in turn had subleased that property to Cayer Enterprises, Inc. In January, 2000, the decedent allegedly entered the property, changed the locks, denied Cayer Enterprises, Inc., access to the property

---

[1] DiMasi is the administrator of the estate of Peter A. DiMasi, who died while this litigation was pending.

and converted its property located therein for his personal gain.

On the eve of trial of the first action, a motion was filed to substitute David Cayer for the named plaintiff, Cayer Enterprises, Inc. Concluding that "the named corporate plaintiff is dissolved and no longer exists, and the court is without sufficient evidence to find that David Cayer is the assignee of said corporate plaintiff," the court, *Doherty, J.*, denied the motion to substitute without prejudice and, sua sponte, rendered judgment dismissing the matter. *Cayer Enterprises, Inc.* v. *DiMasi*, Superior Court, judicial district of Danbury, Docket No. 338236 (March 25, 2002).

Thereafter, the plaintiffs commenced this action. The complaint largely replicated the allegations of the prior action. In response, the defendant administrator filed a motion for summary judgment on the ground of res judicata, which the court granted. The plaintiffs filed a motion to reargue, which the court denied, and a motion for articulation seeking a memorandum of decision, which the court also denied. From that judgment, the plaintiffs appealed. Six months after the plaintiffs filed this appeal, the court filed a memorandum of decision.

On appeal, the plaintiffs claim that the court improperly granted the defendant's motion for summary judgment on the ground of res judicata. We agree.

The issue of whether the doctrine of res judicata applies to the facts of this case presents a question of law. Our review, therefore, is plenary. See *Gaynor* v. *Payne*, 261 Conn. 585, 595, 804 A.2d 170 (2002).

"The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation. Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on

the merits." (Internal quotation marks omitted.) *Daoust v. McWilliams*, 49 Conn. App. 715, 723, 716 A.2d 922 (1998).

Application of the doctrine of res judicata requires that there be a previous judgment on the merits. *Virgo v. Lyons*, 209 Conn. 497, 501, 551 A.2d 1243 (1988). We generally are guided by the principles of res judicata as articulated in the Restatement (Second) of Judgments. See, e.g., *Advest, Inc. v. Wachtel*, 235 Conn. 559, 565 n.5, 668 A.2d 367 (1995). The Restatement (Second) of Judgments provides in relevant part that "[a] personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim . . . [w]hen . . . the court directs that the plaintiff be nonsuited (or that the action be otherwise dismissed) without prejudice . . . ." 1 Restatement (Second), Judgments § 20 (1) (b), p. 170 (1982). "[J]udgments based on the following reasons are not rendered on the merits: want of jurisdiction; pre-maturity; failure to prosecute; unavailable or inappropriate relief or remedy; *lack of standing*." (Emphasis added.) 2 E. Stephenson, Connecticut Civil Procedure (3d Ed. 2002) § 174 (d), pp. 327–28.

In *Alco Gravure, Inc. v. Knapp Foundation*, 64 N.Y.2d 458, 479 N.E.2d 752, 490 N.Y.S.2d 116 (1985), the Court of Appeals of New York held that a dismissal for lack of standing "is not a dismissal on the merits . . . ." (Citations omitted.) Id., 465. The United States Court of Appeals for the Eighth Circuit has reached the same conclusion. Noting that standing is an analytical prerequisite to reaching the merits of an action, that court held that "a dismissal based upon a lack of standing is not 'on the merits' of the underlying substantive claim and is not a bar to asserting another theory of relief based upon the same operative facts assuming the other elements of claim preclusion are satisfied." *McCarney v. Ford Motor Co.*, 657 F.2d 230, 234 (8th Cir. 1981). It

explained that "a decision to dismiss based on any of the doctrines under the justiciability heading should preclude relitigation of the same justiciability issue but not a second suit on the same claim even if arising out of the identical set of facts." Id., 233; see *Cutler* v. *Hayes*, 818 F.2d 879, 888 (D.C. Cir. 1987) (standing question of jurisdiction and justiciability not involving adjudication on merits); *Batterman* v. *Wells Fargo Ag Credit Corp.*, 802 P.2d 1112, 1118 (Colo. App. 1990) (dismissal of suit for lack of standing not on merits of underlying substantive claim); see also *Legassey* v. *Shulansky*, 28 Conn. App. 653, 658, 611 A.2d 930 (1992).

In considering a defense of res judicata, our Supreme Court has stated that "[t]he appropriate inquiry . . . is whether the party had an *adequate opportunity to litigate the matter in the earlier proceeding* . . . ." (Emphasis in original; internal quotation marks omitted.) *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 43–44, 694 A.2d 1246 (1997). If not, res judicata is inappropriate. See *P. X. Restaurant, Inc.* v. *Windsor*, 189 Conn. 153, 161–62, 454 A.2d 1258 (1983). "[A] pretrial dismissal . . . is not the logical or practical equivalent of a full and fair opportunity to litigate." *State* v. *Ellis*, 197 Conn. 436, 469, 497 A.2d 974 (1985), on appeal after remand sub nom. *State* v. *Paradise*, 213 Conn. 388, 567 A.2d 1221 (1990).

In the present case, the prior judgment was a dismissal merely for lack of standing. That is not a judgment on the merits. Furthermore, the plaintiff in the prior proceeding had no opportunity to litigate its claims fully and fairly. Application of the doctrine of res judicata, therefore, was improper.

Res judicata requires, inter alia, a previous judgment on the merits in which the party had a full and fair opportunity to litigate the matter. Neither of those essential predicates existed here. For that reason, the

court should not have granted the defendant's motion for summary judgment on the ground of res judicata.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.