DAVID CAYER ET AL. *v.* MATTHEW KOMERTZ ET AL.
(AC 24892)

McLachlan, Harper and Freedman, Js.

Argued March 30—officially released August 30, 2005

*John R. Horvack, Jr.,* for the appellant (named defendant).

*Brennen Maki,* with whom, on the brief, was *Kenneth E. Taylor,* for the appellees (plaintiffs).

*Opinion*

PER CURIAM. This appeal is factually related to, and the outcome is governed by, our decision in *Cayer Enterprises, Inc.* v. *DiMasi,* 84 Conn. App. 190, 852 A.2d 758 (2004).

In early 2000, the plaintiff Cayer Enterprises, Inc. (Enterprises), became the tenant by a sublease of certain property owned by Peter A. DiMasi. Enterprises and the plaintiff David Cayer alleged that later in 2000 the defendants, Matthew Komertz and Drew Culhane,[1] employees of Enterprises, conspired with DiMasi to lock the plaintiffs out of the leased premises and tortiously deprived the plaintiffs of their inventory and other goods located on the premises. Enterprises filed two separate actions, one against Komertz and Culhane, and the other against DiMasi (first actions), which were

---

[1] Culhane is not a party to this appeal.

consolidated for trial. On the eve of trial, Enterprises filed a motion to substitute a party plaintiff, representing that Enterprises had dissolved and that Cayer was the assignee of all of its rights, assets and receivables as the sole shareholder of Enterprises. Finding that Enterprises was dissolved and that it no longer existed, the court dismissed both first actions without prejudice because it was "without sufficient evidence to find that David Cayer is the assignee of said corporate plaintiff . . . ." (Internal quotation marks omitted.) Id., 192.

Thereafter, Cayer and Enterprises filed two new actions, one against DiMasi and this action against Komertz and Culhane under the same theories of tort alleged in the first actions. In the second action against DiMasi, DiMasi filed a motion for summary judgment on the ground of res judicata. The court granted that motion. In the present action, Komertz and Culhane filed separate motions for summary judgment, which the court denied. This court later reversed the trial court's decision granting the motion for summary judgment in *Cayer Enterprises, Inc.* Id., 195. Komertz now appeals from the court's denial of his motion for summary judgment, claiming that this action is barred by res judicata.[2]

The issue of whether the doctrine of res judicata applies to the facts of this case presents a question of law. Our review, therefore, is plenary. See *Gaynor* v. *Payne*, 261 Conn. 585, 595, 804 A.2d 170 (2002).

"Application of the doctrine of res judicata requires that there be a previous judgment *on the merits.* . . . We generally are guided by the principles of res judicata as articulated in [1] Restatement (Second), Judgments

---

[2] We note that although the denial of a motion for summary judgment ordinarily is not appealable because it is not a final judgment, the denial of a motion for summary judgment on the basis of a claim of res judicata is a final judgment for purposes of appeal because it invokes the right not to go to trial on the merits. *Milford* v. *Andresakis*, 52 Conn. App. 454, 455 n.1, 726 A.2d 1170, cert. denied, 248 Conn. 922, 733 A.2d 845 (1999).

[§ 20 (1) (b), p. 170 (1982)] . . . [which] provides in relevant part that '[a] personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim . . . [w]hen . . . the court directs that the plaintiff be nonsuited (or that the action be otherwise dismissed) without prejudice . . . .' " (Citations omitted; emphasis added.) *Cayer Enterprises, Inc.* v. *DiMasi*, supra, 84 Conn. App. 193.

In *Cayer Enterprises, Inc.*, we explained that the rendering of judgment on the basis of a lack of standing is not a judgment on the merits. Id., 194. The court in this case properly applied that principle in allowing this action to proceed because the court had dismissed the first action against Komertz and Culhane without prejudice. Komertz' attempts to distinguish this case from *Cayer Enterprises, Inc.*, fail because the plaintiffs have not, as Komertz claims, attempted to relitigate the question of standing, but rather, the substantive theories of recovery that were never litigated in the first action. See id. (dismissal on basis of justiciability precludes relitigation of same justiciability issue, but not second suit on same claim). Moreover, the issue of standing was never fully litigated in the first action. The court found that the plaintiff in that case, Enterprises, did not exist and dismissed the first actions on that ground alone. Cayer's standing was not litigated because he was not a party.

Komertz also attempts to distinguish this case on a procedural ground. When the court dismissed the first actions, it indicated in its articulation that it would set aside the dismissal when Cayer could prove to the court that Enterprises had assigned its rights to him. Instead, Cayer instituted a separate action naming as plaintiffs himself and Enterprises. Komertz claims that the plaintiffs' variation from the court's directions causes that dismissal to be a final judgment on the merits. We are

not persuaded. The plaintiffs' second action was timely filed, and the court did not indicate that a motion to open was the exclusive procedural vehicle to allow litigation on the merits to commence.

The judgment is affirmed.