******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

U.S. BANK, N.A., TRUSTEE *v.* DONNA L. FOOTE
(AC 35632)

DiPentima, C. J., and Beach and Keller, Js.

*Argued March 11—officially released July 22, 2014*

(Appeal from Superior Court, judicial district of
Middlesex, Aurigemma, J. [motion for summary
judgment, strict foreclosure judgment]; Domnarski, J.
[summary judgment].)

*Christopher G. Brown*, for the appellant (defendant).

*Fletcher W. Moore*, for the appellee (plaintiff).

*Opinion*

KELLER, J. The defendant, Donna L. Foote, appeals from the judgment of strict foreclosure rendered by the trial court following the granting of a motion for summary judgment in favor of the plaintiff, U.S. Bank, N. A., as trustee. On appeal, the defendant claims that the trial court erred in granting the plaintiff's motion for summary judgment because (1) the action is barred by the doctrines of res judicata and collateral estoppel; (2) the plaintiff failed to establish a prima facie case for foreclosure; and (3) a prior judgment of dismissal against the plaintiff created a genuine issue of material fact as to the plaintiff's status as holder of the note at the time the present action was commenced. The defendant further claims that, because the plaintiff was not entitled to summary judgment, the court improperly rendered judgment of strict foreclosure in favor of the plaintiff. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On October 20, 2006, the defendant executed an adjustable rate note in the principal amount of $528,000, payable to the order of AmTrust Funding Services (AmTrust). Appended to the note was an allonge[1] endorsed in blank. As security for the note, the defendant conveyed by way of mortgage deed her interest in real property located at 474 Main Street in Old Saybrook to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for AmTrust and its "successors and assigns."[2] On December 17, 2010, MERS assigned the mortgage to the plaintiff, as trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1. The assignment was recorded in the Old Saybrook land records on December 28, 2010.

On May 29, 2012, the plaintiff commenced this foreclosure action seeking reformation of the mortgage and a judgment of foreclosure.[3] In its complaint, the plaintiff alleged, inter alia, that it was the holder and owner of the note and mortgage, and that the note was in default because the plaintiff had failed to make payments. Accordingly, the plaintiff sought to accelerate the balance due and foreclose on the mortgage.

The defendant filed a motion for summary judgment on August 31, 2012, in which she referred to a previous foreclosure action brought by the same plaintiff against the same defendant, involving the same note and mortgage. See *U.S. Bank, N.A.* v. *Foote,* Superior Court, judicial district of Middlesex, Docket No. CV-11-6004322 (January 5, 2012). In that case, the court, *Abrams, J.,* granted the defendant's motion to dismiss on the ground that the plaintiff lacked standing. Specifically, the court concluded that the plaintiff had failed to sustain its evidentiary burden of establishing that it was the holder

of the note at the time the action was commenced because the plaintiff's witness could not unequivocally state that the plaintiff or one of its agents was in possession of the note at the time the action was commenced. Id. In the present case, the defendant argued in her motion for summary judgment that because the note at issue in the present action was the subject of a prior foreclosure action brought by the same plaintiff against same the defendant, the present foreclosure action therefore was barred by the doctrines of res judicata and collateral estoppel. The court, *Aurigemma, J.*, disagreed and denied the defendant's motion.

Thereafter, the defendant filed an answer in which she conceded that she "did not make certain of the payments contemplated by the Note . . . ." She also pleaded five special defenses. The first and second special defenses invoked the doctrines of res judicata and collateral estoppel.[4]

On January 23, 2013, the plaintiff filed a motion for summary judgment as to liability, as well as a supporting memorandum of law, on the grounds that there was an "absence of a legally sufficient defense, or material issue of fact," and because it had established a prima facie case for foreclosure. In support of its motion, the plaintiff submitted copies of the note, the allonge endorsed in blank, the mortgage deed, the assignment of mortgage, and the notice of default sent to the defendant. The plaintiff also submitted an affidavit from Attorney Martha Croog, the managing member of the plaintiff's attorney and bailee, Martha Croog, LLC (law firm), and an affidavit of debt from Gerhard Heckermann, an assistant secretary of the plaintiff's attorney-in-fact and servicer, Homeward Residential, Inc. (Homeward).

The defendant filed an objection to the plaintiff's motion for summary judgment in which she reasserted her contention that the action was barred by the doctrines of res judicata and collateral estoppel. She also claimed that the plaintiff failed to establish a prima facie case for foreclosure. The defendant did not file any affidavits or exhibits in support of her opposition, and instead relied on "all papers and proceedings . . . that were filed . . . in connection with the prior action" between the parties. The court, *Domnarski, J.*, heard oral argument on the motion for summary judgment as to liability on March 11, 2013. The court subsequently granted the plaintiff's motion on March 15, 2013. Thereafter, the court, *Aurigemma, J.*, rendered judgment of strict foreclosure in favor of the plaintiff on April 15, 2013. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the present foreclosure action is barred by the doctrines of res judicata

and collateral estoppel. The issue of whether the doctrines of res judicata and collateral estoppel apply to the facts of this case presents a question of law. Our review, therefore, is plenary. *Bruno* v. *Geller*, 136 Conn. App. 707, 720, 46 A.3d 974, cert. denied, 306 Conn. 905, 52 A.3d 732 (2012).

"Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. [C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . [I]ssue preclusion . . . prevents a party from relitigating an issue that has been determined in a prior suit. . . . The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation." (Citation omitted; internal quotation marks omitted.) Id., 720–21. In its order granting the plaintiff's motion for summary judgment, the court found that although the plaintiff did not satisfy its burden of establishing that it was the holder of the note at the time the prior action was commenced, neither res judicata nor collateral estoppel precluded the plaintiff from commencing a new action and demonstrating its holder status at the time that the present action was commenced. We agree with the court.

## A

We first discuss the defendant's res judicata claim. The defendant argues that "there can be no credible dispute that the dismissal of the prior action for lack of subject matter jurisdiction was rendered on the merits" and therefore has a preclusive effect on the present action. We disagree.

"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. . . . The doctrine of res judicata applies if the following elements are satisfied: the identity of the parties to the actions are the same; the same claim, demand or cause of action is at issue; the judgment in the first action was rendered on the merits; and the parties had an opportunity to litigate the issues fully." (Citation omitted; internal quotation marks omitted.) *Farmington Valley Recreational Park, Inc.* v. *Farmington Show Grounds, LLC*, 146 Conn. App. 580, 588, 79 A.3d 95 (2013). "Judgments based on the following reasons are not rendered on the merits: want of jurisdiction; pre-maturity; failure to prosecute; unavailable or inappropriate relief or remedy; *lack of standing*." (Emphasis added; internal quotation marks omitted.) *Bruno* v. *Geller*, supra, 136 Conn. App. 725. Relying on this principle, this court has held that the dismissal of an earlier action for lack of standing is not a judgment on the merits and does not have a res judicata effect. See, e.g., *Cayer* v. *Komertz*, 91 Conn. App. 202,

203–204, 881 A.2d 368 (2005); *Cayer Enterprises, Inc.* v. *DiMasi*, 84 Conn. App. 190, 194, 852 A.2d 758 (2004).

In her main and reply briefs before this court, the defendant acknowledges that the court's judgment in the prior action implicated the subject matter jurisdiction of the court and was a decision regarding the plaintiff's standing. " '[S]tanding to enforce [a] promissory note is [established] by the provisions of the Uniform Commercial Code . . . . [See] General Statutes § 42a-1-101 et seq. Under [the Uniform Commercial Code], only a "holder" of an instrument or someone who has the rights of a holder is entitled to enforce the instrument. General Statutes § 42a-3-301. The "holder" is the person or entity in possession of the instrument if the instrument is payable to bearer. General Statutes § 42a-1-201 (b) (21) (A).[5] When an instrument is endorsed in blank, it "becomes payable to bearer and may be negotiated by transfer of possession alone . . . ." General Statutes § 42a-3-205 (b).' "[6] (Footnote omitted.) *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 126, 74 A.3d 1225 (2013).

As noted previously, the allonge was endorsed in blank. In the prior action, the court noted that "the plaintiff's witness could not [un]equivocally state that [the plaintiff] possessed the note at the time the foreclosure commenced." *U.S. Bank, N.A.* v. *Foote*, supra, Superior Court, Docket No. CV-11-6004322. It therefore concluded that the "plaintiff did not prove by a preponderance of the evidence that it was the holder of the note at the time the action was commenced," and, accordingly, granted the defendant's motion to dismiss. Id. That judgment, pertaining to whether the plaintiff was in possession of the note and therefore was the holder, was a dismissal for lack of standing. That plainly is not a judgment on the merits[7] and the doctrine of res judicata, therefore, does not apply.

B

We now turn to the defendant's claim that the doctrine of collateral estoppel prevents the plaintiff from relitigating the issue of whether it is the holder of the note that was the subject of the prior foreclosure action.

"Collateral estoppel . . . is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." (Emphasis omitted; internal quotation marks omitted.) *Farmington Valley Recreational Park, Inc.* v. *Farmington Show Grounds, LLC*, supra, 146 Conn. App. 588. "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be relitigated between the same parties in any future lawsuit. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and

final judgment, and that determination is essential to the judgment. . . . Collateral estoppel may be invoked against a party to a prior adverse proceeding or against those in privity with that party." (Citation omitted; internal quotation marks omitted.) *Byars* v. *Berg*, 116 Conn. App. 843, 846, 977 A.2d 734 (2009).

In rejecting the defendant's claim that collateral estoppel bars the present action, the court concluded: "[The finding] that the plaintiff had not established that it was the owner of the note at the time the [prior] action was commenced . . . is not binding upon this court under . . . collateral estoppel because the dates of commencement of the [prior] action, January 11, 2011, and this action, May 29, 2012, are not the same." We agree with the court.

We must determine whether the issues raised by the plaintiff in the present case were in substance already litigated and determined in the earlier action. In its brief to this court, the defendant asserts that the issue of whether the plaintiff was the holder of the note was actually litigated, essential to the judgment of dismissal, and determined in a prior action. The defendant, however, does not provide any support or argument as to whether the issues decided in the two actions were, in fact, the same, such that the same issue was being relitigated. The defendant appears to broadly frame the issue simply as whether the plaintiff was the holder of the note that was the subject of the original foreclosure action. We, however, take a more narrow view that is appropriately guided by the pleadings.

In deciding the defendant's motion to dismiss, the court confronted the issue of whether the "plaintiff demonstrated by a preponderance of the evidence at the [evidentiary] hearing that it was the holder of the note *at the time this action commenced*." (Emphasis added.) *U.S. Bank, N.A.* v. *Foote*, supra, Superior Court, Docket No. CV-11-6004322. That is, the court determined whether the evidence demonstrated that the plaintiff was the holder of the note on January 11, 2011. In the present case, however, the only issue before the court was whether the plaintiff was the holder of the note at the time the *present* action was commenced on May 29, 2012. Consequently, collateral estoppel has no application in the absence of an identical issue to be decided by the court.

## II

We next address the defendant's claim that the plaintiff was not entitled to summary judgment as to liability because it failed to establish a prima facie case for foreclosure. The defendant contends that the plaintiff did not demonstrate a prima facie case because it failed to satisfy its burden of establishing the absence of a genuine issue of material fact as to whether it was the holder of the note at the time the present action was

commenced. We disagree.

As a preliminary matter, we set forth our standard of review and other legal principles relevant to evaluating a court's decision to grant a motion for summary judgment. "On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [plaintiff] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . .

"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .

"A material fact is a fact that will make a difference in the outcome of the case. . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 704–705, 807 A.2d 968, cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002).

In her objection to the plaintiff's motion for summary judgment, the defendant argued that the plaintiff failed to establish a prima facie case for foreclosure. "In order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied. . . . Thus, a court may properly grant summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an

undisputed prima facie case and the defendant fails to assert any legally sufficient special defense."[8] (Citations omitted.) *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 176, 73 A.3d 742 (2013).

"A mortgagee that seeks summary judgment in a foreclosure action has the evidentiary burden of showing that there is no genuine issue of material fact as to any of the prima facie elements, including that it is the owner of the debt. Appellate courts in this state have held that that burden is satisfied when the mortgagee includes in its submissions to the court a sworn affidavit averring that the mortgagee is the holder of the promissory note in question at the time it commenced the action. . . . The evidentiary burden of showing the existence of a disputed material fact then shifts to the defendant. It is for the maker of the note to rebut the presumption that a holder of the note is also the owner of it." (Citations omitted; internal quotation marks omitted.) Id., 177. "[T]he party moving for summary judgment . . . is required to support its motion with supporting documentation, including affidavits." (Internal quotation marks omitted.) *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 324 n.12, 77 A.3d 726 (2013). Likewise, "[t]he existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Emphasis omitted; internal quotation marks omitted.) *Little* v. *Yale University*, 92 Conn. App. 232, 235, 884 A.2d 427 (2005), cert. denied, 276 Conn. 936, 891 A.2d 1 (2006).

Furthermore, "[t]he possession by the bearer of a note indorsed in blank imports prima facie that [it] acquired the note in good faith for value and in the course of business, before maturity and without notice of any circumstances impeaching its validity. The production of the note establishes [its] case prima facie against the makers and [it] may rest there. . . . It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights." (Internal quotation marks omitted.) *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 232, 32 A.3d 307 (2011). A mortgagee is not obligated to produce the original note in order to meet the mortgagee's burden at summary judgment; "that burden is satisfied when the mortgagee includes in its submissions to the court a sworn affidavit averring that the mortgagee is the holder of the promissory note in question at the time it commenced the action." *GMAC Mortgage, LLC* v. *Ford*, supra, 144 Conn. App. 177.

We begin our analysis by noting that the defendant does not challenge two of the three elements of the plaintiff's prima facie case. Specifically, the defendant does not contest that she has defaulted on the note or that conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied. The defendant instead challenges only the first element of

the plaintiff's prima facie case, that is, that it was the holder of the note at the time the action was commenced.

In the present case, the plaintiff had submitted to the trial court a memorandum of law accompanied by copies of the adjustable rate note, allonge endorsed in blank,[9] and mortgage deed. As the note was endorsed in blank, the plaintiff must demonstrate that it is the holder—that is, in possession[10]—of the note in order to import a prima facie case for foreclosure and satisfy its burden at summary judgment. The defendant argues that the documentation, including the affidavits, submitted by the plaintiff do not establish that the plaintiff was in possession of the note at the time it commenced the action. We disagree.

The plaintiff pleaded that it is the holder of the note upon which the defendant defaulted as well as the owner of the underlying debt. Further, the plaintiff offered the sworn affidavit of Attorney Croog, who averred that the law firm of which she is the managing member is the bailee and attorney for the plaintiff. She further attested that the law firm "receives originally executed mortgage loan documents from mortgage loan servicers and mortgage lenders," and that upon receipt of those documents, the law firm "acknowledges receipts of those documents in a bailee letter that accompanies the original documents so received by [the law firm], as bailee." The affiant stated that she received the original note, allonge endorsed in blank, and mortgage deed, and acknowledged receipt of those documents in a bailee letter, which the affiant attached to her affidavit as an exhibit. Finally, she averred that the law firm, as bailee, continuously "*has retained the original note*, executed by [the defendant], together with the allonge endorsed in blank, and mortgage, executed by [the defendant], in its custody since . . . February 22, 2011." (Emphasis added.)

In his affidavit of debt Heckermann averred that he was an assistant secretary of the plaintiff's servicer and attorney-in-fact, Homeward. He further stated that "Homeward maintains records for the subject loan on behalf of the [plaintiff]" and that the plaintiff "is entitled to enforce the Note." He also calculated the total due to the plaintiff as a result of the defendant's default.

The defendant argues that the affidavits do not demonstrate that the law firm "possessed the note for the plaintiff." We are not persuaded. Attorney Croog specifically averred, as managing member of the law firm, that it, in its capacity as the plaintiff's bailee, received and continuously retained the original note, allonge endorsed in blank, and mortgage, that had been executed by the defendant. She averred that these documents had been in its possession since February 22, 2011, some three months prior to the date the present action was commenced. As previously noted, a mortgag-

ee's burden at summary judgment "is satisfied when the mortgagee includes in its submissions to the court a sworn affidavit averring that the mortgagee is the holder of the promissory note in question at the time it commenced the action." *GMAC Mortgage, LLC* v. *Ford*, supra, 144 Conn. App. 177. By way of the Croog affidavit, which averred that the law firm, on behalf of the plaintiff, retained the note, the plaintiff satisfied its burden at summary judgment of establishing a prima facie case for foreclosure. Accordingly, the plaintiff, "by way of its possession of an instrument payable to [the] bearer, is a valid holder of the instrument and, therefore, is entitled to enforce it." *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn. App. 570, 577, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010).

The defendant offered no evidence to counter the plaintiff's sworn statement that it, through its bailee, was in possession of the note at the time it served the complaint. In sum, the plaintiff submitted numerous documents that establish its status as holder of the note and an absence of any genuine issue of material fact. It was then incumbent on the defendant to rebut the plaintiff's presumption of ownership. Having failed to submit any evidence in opposition to the plaintiff's motion for summary judgment, that presumption prevails. Accordingly, we conclude that the court properly determined that there was no genuine issue of material fact and that the plaintiff was entitled to judgment as to liability.

### III

The defendant next claims that the existence of the prior judgment of dismissal, at the very least, created a genuine issue of material fact as to whether the plaintiff was the holder of the note at the time the present action was commenced. In light of this purported issue of fact, the defendant argues that the court erred by granting the plaintiff's motion for summary judgment. We disagree.

"[T]o establish the existence of a material fact, it is not enough for the party opposing summary judgment to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief." (Internal quotation marks omitted.) *Tuccio Development, Inc.* v. *Neumann*, 111 Conn. App. 588, 594, 960 A.2d 1071 (2008). The defendant has provided us with no authority, nor are we aware of any, that supports his suggestion that the prior action, resulting in dismissal, creates a genuine issue of material fact.

The court in the prior action found that the plaintiff failed to prove by a preponderance of the evidence that it *was* the holder of the note at the time that action commenced, because the plaintiff's sole witness "could

not [un]equivocally state that [the plaintiff] possessed the note at the time the foreclosure commenced." *U.S. Bank, N.A.* v. *Foote*, supra, Superior Court, Docket No. CV-11-6004322. In the present case, the court determined, on the basis of the documentation and affidavits before it, that the plaintiff was in possession of and the holder of the note at the time the present action was commenced. The defendant provided no authority for the proposition that the mere existence of a prior judgment of dismissal rendered against a plaintiff creates a genuine issue of fact, for the purposes of a motion for summary judgment, as to an issue in subsequent litigation. The court found, on the basis of the affidavits and documents before it, no genuine issue of material fact. The fact that a court in a prior action rendered a judgment adverse to the plaintiff on a different issue, on the basis of a witness's testimony in that case, does not inevitably or inherently create a genuine issue of material fact in a future action.

In sum, on the basis of our plenary review of the pleadings and documentary submissions, we conclude that the court properly determined that there were no genuine issues of material fact and that the plaintiff was entitled to judgment as to liability on its foreclosure complaint. Moreover, because we conclude that the court properly granted the plaintiff's motion for summary judgment as to liability, we further must reject the defendant's claim that the trial court improperly rendered judgment of strict foreclosure in favor of the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Black's Law Dictionary (9th Ed. 2009).

[2] "As one court has explained, MERS does not originate, lend, service, or invest in home mortgage loans. Instead, MERS acts as the nominal mortgagee for the loans owned by its members. The MERS system is designed to allow its members, which include originators, lenders, servicers, and investors, to assign home mortgage loans without having to record each transfer in the local land recording offices where the real estate securing the mortgage is located. . . .

"The benefit of naming MERS as the nominal mortgagee of record is that when the member transfers an interest in a mortgage loan to another MERS member, MERS privately tracks the assignment within its system but remains the mortgagee of record. According to MERS, this system saves lenders time and money, and reduces paperwork, by eliminating the need to prepare and record assignments when trading loans. . . .

"If, on the other hand, a MERS member transfers an interest in a mortgage loan to a non-MERS member, MERS no longer acts as the mortgagee of record and an assignment of the security instrument to the non-MERS member is drafted, executed, and typically recorded in the local land recording office." (Internal quotation marks omitted.) *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn. App. 570, 572 n.2, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010).

[3] The plaintiff sought reformation to exclude certain specified real property from the mortgage in order to conform to the intentions of the parties.

[4] The three additional special defenses pleaded by the plaintiff were: (1) denial of the "authenticity of, and the authority to make, each signature on, or any paper affixed to, the original Note"; (2) the action was "precluded

by Connecticut statutes and the express terms of the Mortgage"; and (3) the action was barred by the doctrine of unclean hands. These special defenses are not relevant to this appeal.

[5] "General Statutes § 42a-1-201 (b) provides in relevant part: '(21) "Holder" means:

'(A) The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession . . . .' " *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 126 n.4, 74 A.3d 1225 (2013).

[6] "General Statutes § 42a-3-205 provides in relevant part: '(b) If an endorsement is made by the holder of an instrument and is not a special endorsement, it is a 'blank endorsement'. When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed. . . .' " *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 126 n.5, 74 A.3d 1225 (2013).

[7] We note that in support of her position that the action is barred by res judicata, the defendant principally relies on this court's decision in *Rosenfield* v. *Cymbala*, 43 Conn. App. 83, 681 A.2d 999 (1996). The defendant's reliance on that case, however, is misguided. In *Rosenfield*, this court affirmed the trial court's decision to render the summary judgment sought by the defendant against the plaintiffs on the basis that the foreclosure action was barred by res judicata. The prior judgment in that case, however, dismissed the plaintiff's action because the plaintiff had failed to make out a prima facie case for foreclosure. Id., 84–85. It was not dismissed merely because the plaintiff failed to satisfy its evidentiary burden that it was in possession of the note at the time the action commenced, as in the present case.

In *Rosenfield*, this court observed that in the prior action, "the trial court found that the plaintiff failed to establish that consideration for the note and mortgage deed was given by the plaintiff's assignor . . . to the defendant. The trial court also determined that the plaintiff failed to produce any evidence as to an appraisal of the mortgaged property or its current market value. Furthermore, the plaintiff did not present evidence of any default of payment . . . nor the amount of any alleged debt presently due and owing from the plaintiff to anyone who had an interest in [the] underlying note. . . . Moreover . . . the trial court characterized the extent of the proceedings as a trial of the issues. The plaintiff had an opportunity to present his case as though the trial would go to conclusion." (Internal quotation marks omitted.) Id., 92. In the present action, the prior judgment was decided solely on the ground of standing, and, specifically, the issue of whether the plaintiff had established its possession of the note at the relevant time. Therefore, it was not a final judgment on the merits.

[8] We concluded in part I of this opinion that the special defenses asserted by the plaintiff—the doctrines of res judicata and collateral estoppel—were legally insufficient and did not bar the present action.

[9] The allonge contains a special endorsement that states "PAY TO THE ORDER OF: American Brokers Conduit WITHOUT RECOURSE," and is signed by a senior vice president of AmTrust. A second endorsement also appears on the allonge in which American Brokers Conduit, through its assistant secretary, endorsed the note in blank and without recourse.

[10] "A holder is the entity, or person, in possession of the instrument if the instrument is payable to the bearer." *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 231.